**Jesse Ray GARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 785–89.**

Court of Criminal Appeals of Texas, En Banc.

June 13, 1990.

Kay Davis, Amarillo, for appellant.

Dale W. Elliott, County Atty., Chris Kloeris, Asst. County Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted of possession of less than two ounces of marijuana on his plea of guilty to the trial court, which assessed punishment at 120 days confinement in the Potter County jail. The conviction was affirmed on appeal. *Garrett v. State,* 768 S.W.2d 943 (Tex.App.—Amarillo 1989). We granted review to determine whether the Court of Appeals erred in holding that the State proved appellant was arrested pursuant to a valid warrant where no supporting affidavit was introduced. We will affirm.

On June 2, 1988, Officer Danny Perez of the Amarillo Police Department received a copy of a picture of appellant and was informed that appellant had an outstanding parole violation warrant from the Board of Pardons and Paroles. He was also told that appellant might be driving a tan Pinto with a stated license plate number. Later that evening, Perez saw appellant driving the tan Pinto with the given license plate number. Appellant was stopped and arrested on the outstanding warrant. A search at the jail disclosed a baggie of marijuana in appellant's pockets.

On appeal appellant claimed that the trial court erred in denying the motion to suppress evidence because the State failed to produce a valid arrest warrant affidavit. Appellant argued that the State's failure to produce an affidavit supporting the warrant violated the Fourth Amendment to the United States Constitution, Art. I, § 9 of the Texas Constitution, and Article 38.23, V.A.C.C.P.

Appellant acknowledged Article 42.18, § 14(a), V.A.C.C.P., which provides:

A warrant for the return of a paroled prisoner ... may be issued by the board in cases of parole or mandatory supervision, ... where there is reason to believe that he has committed an offense ... [or] violated a condition of his parole.... Such warrant shall authorize all officers named therein to take actual custody of the prisoner and return him to the institution from which he was released.[1]

Appellant conceded that reasonable belief and not probable cause was required under the statute. He argued, however, that the parole warrant should at least be supported by an affidavit or other document showing reasonable belief that parole was violated.

The Court of Appeals considered *Bryant v. State,* 652 S.W.2d 798 (Tex.Cr.App.1983), where this Court indicated that revocation of parole is not part of a criminal prosecution so the full rights due a defendant in an ordinary criminal proceeding did not apply.

---

1. This section was renumbered to Art. 42.18, § 13(a) and minor changes in wording were made in 1989. We will refer to the statute section as it appeared when appellant was arrested.

The Court of Appeals noted that this Court held that the New York parole violation warrant issued in *Bryant* was sufficient without a supporting affidavit, and concluded that the warrant in the instant case was sufficient.

In his petition, appellant claims that the Court of Appeals misinterpreted *Bryant.* In that case a Texas arrest warrant was issued on the basis of the parole warrant from New York, a letter from New York authorities, and an affidavit from a Texas peace officer. According to appellant, this Court did not hold that the New York warrant was sufficient by itself to support the arrest.

We agree that the Court of Appeals read *Bryant* too broadly. In *Bryant,* we held:

We find no violation of appellant's Fourth Amendment right against unreasonable search and seizure in his arrest as a parole violator, pursuant to the Texas warrant supported by the affidavit from the Port Arthur officer and the documents from the New York authorities.

*Id.,* at 801. Thus, this Court considered all the documents supporting the warrant and did not hold the New York parole violation warrant alone was sufficient.

Appellant also contends that even though a parolee is not entitled to the same rights accorded a defendant in a normal criminal proceeding, the United States Supreme Court and this Court have held that a parolee enjoys a substantial liberty interest under the Fourteenth Amendment of the United States Constitution, and Art. I, § 19 of the Texas Constitution. Thus, appellant argues that a parole violation warrant should be subject to the same general requirements as any other arrest warrant and must be supported by an affidavit showing a reasonable belief that the parolee committed a violation.

In *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484, 491 (1972), the United States Supreme Court noted that:

[R]evocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.... Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

Thus, parolees are not automatically given the same rights as other defendants because parole revocations are different from usual criminal proceedings.

This rule has been extended to parolees' Fourth Amendment rights. For instance, in *Latta v. Fitzharris,* 521 F.2d 246, 250 (9th Cir.1975), *cert. denied,* 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975), the court noted that a parolee's reasonable expectations of privacy are less than those of other citizens. The court concluded that as long as the search was reasonable, it was constitutional under the Fourth Amendment and no warrant was required.

The analysis in *Latta* was applied to a parolee's arrest in *United States v. Rabb,* 752 F.2d 1320 (9th Cir.1984), *cert. denied,* 471 U.S. 1019, 105 S.Ct. 2027, 85 L.Ed.2d 308 (1985). In that case, the defendant was arrested without a warrant for violation of parole conditions. On appeal, the defendant contended that the arrest was improper. The court held:

In neither [*United States v.*] *Dally* [606 F.2d 861 (9th Cir.1979)] nor *Latta* did the parolees challenge the validity of their arrests. In *Latta,* however, we indicated that searches of parolees do not require probable cause. The same analytical framework under which such searches are considered controls the disposition of Rabb's claim that probable cause was required for a parolee arrest.... A parolee, while free of the prison walls, still remains under legal custody. We agree with the California court's characterization of a parolee arrest as being more like "a mere transfer of the subject from constructive custody into actual or physical custody," rather than like an arrest of a private individual who is the suspect of a crime. *People v. Villareal,* 262 Cal.App.2d 438, 447, 68 Cal.Rptr. 610, 616 (Dist.Ct.App.1968) (ar-

rest of parolee for parole violation does not require probable cause).

*Rabb*, supra, at 1324. The court concluded that the warrantless arrest was valid. Again, parolees were not afforded the same rights as persons merely suspected of a crime. See also *United States v. Polito*, 583 F.2d 48 (2nd Cir.1978).

The Supreme Court addressed a similar issue when it upheld a warrantless search of a probationer's residence. In *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), the defendant's apartment was searched without a warrant after probation officers received information that there might be guns in the apartment. The Supreme Court acknowledged that although most searches must be conducted pursuant to a warrant, the court had permitted exceptions when "special needs, beyond the normal need for law enforcement, make the warrant and probable cause requirement impracticable." *Id.*, 107 S.Ct. at 3167, citing *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). The Court then likened a state's operation of a probation system to operation of a school, government office or prison where special needs may justify departure from the warrant and probable cause requirement and stated, 107 S.Ct. at 3168:

> To a greater or lesser degree, it is always true of probationers (as we have said it to be true of parolees) that they do not enjoy "the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent on observance of special [probation] restrictions." [*Morrissey*, supra, 408 U.S. at 480, 92 S.Ct. at 2600]

The Court concluded that probation supervision gave rise to a special state need "permitting a degree of impingement upon privacy that would not be constitutional if applied to the public at large" and that the warrantless search of the residence was reasonable under the Fourth Amendment. *Griffin*, 107 S.Ct. at 3168.

The opinions in *Morrissey, Latta, Rabb* and *Griffin*, indicate that probationers and parolees do not enjoy the same level of Fourth Amendment protection accorded defendants only suspected of a crime. This is not to say that a parolee has no constitutional rights against unreasonable arrest. Rather, as was stated in *Tamez v. State*, 534 S.W.2d 686, 692 (Tex.Cr.App.1976):

> A diminution of Fourth Amendment protection and protection afforded by Article I, Sec. 9, Texas Constitution, can be justified only to the extent actually necessitated by the legitimate demands. of the probation process. A probationer may be entitled to a diminished expectation of privacy because of the necessities of the correctional system, but his expectations may be diminished only to the extent necessary for his reformation and rehabilitation.

Parolees and probationers are usually afforded the same guarantees of due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Thus, a parolee's arrest rights may be diminished to the extent required by the parole system, but not eliminated completely.

This policy is reflected in Art. 42.18, § 14(a), given the requirement that the arrest be based upon a "reason to believe" that the parolee has violated a condition on parole. Reason to believe, as conceded by appellant, is not the same as probable cause. Appellant correctly notes, however, that some factual basis for the warrant is still required. The next question is whether the applicable standard requires that an affidavit or other documentation be introduced in order to establish the "reason to believe" that appellant violated conditions of parole.

In *Miller v. State*, 736 S.W.2d 643 (Tex. Cr.App.1987), this Court held that when the State justifies an arrest on the basis of an arrest warrant issued by a magistrate, the warrant and affidavit must be produced. This requirement is imposed so that the trial court may inspect the documents and determine whether probable cause existed and ensure that the arrestee's rights have been fully protected.

Article 42.18, § 14(a), however, makes no mention of affidavits. We must determine, therefore, whether the trial court had a sufficient opportunity to determine wheth-

er appellant was afforded the rights due him under the Fourth Amendment; specifically, whether there was a reason to believe that he had violated his parole conditions.

During the motion to suppress hearing, Tim Lillie, a parole case worker, testified that appellant had failed to reside in a halfway house in El Paso County as required as a condition of parole. Appellant's counsel cross-examined Lillie about the warrant. Since the parole case worker was called and was subject to cross examination, appellant was not deprived of the opportunity to inquire regarding the basis for the warrant. The trial court was given the opportunity to determine whether the warrant was supported by a reasonable belief, and appellant's rights were protected. Even though no affidavit or other documentation was introduced, the requirement underlying the *Miller* decision was fulfilled.[2]

In sum, we hold that under the facts of this case, where the State failed to produce an affidavit but did present evidence substantiating the reason to believe appellant violated his conditions of parole, appellant's rights under the United States Constitution were adequately protected. Appellant's ground for review is overruled.[3]

Accordingly, the judgments of the Court of Appeals and the trial court are affirmed.

CLINTON and TEAGUE, JJ., concur in the result.

---

2. We do not hold that a parole officer must testify regarding the factual basis for a warrant under Art. 42.18, § 14(a), in order to justify the arrest. We hold only that there must be evidence presented for the trial court to consider and determine whether there was a reason to believe the parolee was subject to arrest.

3. Since a warrant was properly obtained under Art. 42.18, § 14(a), the arrest was not improper under Art. 38.23, V.A.C.C.P.