**James Daniel BALLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00851–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 7, 2000.

---

**464**

Brian W. Wice, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.[1]

## OPINION

LEE DUGGAN, Jr., Justice (Assigned).

After the trial court denied his motion to suppress evidence, James Daniel Ballard, appellant, pled guilty to the offense of possession with intent to deliver lysergic acid diethylamide (LSD) weighing at least four grams and less than 200 grams. Pursuant to a plea bargain agreement, appellant's punishment was assessed at 25 years confinement, to run concurrently with his sentence in the District Court of Victoria County, and appellant reserved the right to appeal the denial of his motion to suppress evidence. In three points of error, appellant asserts the trial court erred in denying his motion to suppress evidence. We affirm.

### I.

### FACTUAL BACKGROUND

Houston Police Officer Mark Boyle received a tip from an informant that appellant was a major LSD dealer; that he would arrive at a particular Houston residence in a certain vehicle; that he would

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

make a delivery of LSD; and that there was an outstanding warrant for his arrest. Boyle conveyed this information to Houston Police Officers O.X. Pena and J.D. Cargill, who confirmed that the Victoria County Sheriff's Office held a "Capias/Warrant" for appellant, issued and outstanding for a violation of his probation for felony possession of a controlled substance, and that no bond was set.

The officers proceeded to the described Houston residence, maintained surveillance, and observed a vehicle matching the informant's description. An individual matching the informant's description of appellant stepped out of the vehicle, walked into the residence, returned, and left in the vehicle at a high rate of speed. The officers pursued the vehicle, caught up with it in a parking lot, surrounded it, and attempted to get the driver, appellant, out of the vehicle. Appellant resisted, and put his left hand into his left pants pocket. When he refused Officer Cargill's repeated instructions to remove his hand from the pocket, Cargill forcibly removed appellant's hand; several sheets of LSD fell out of the pocket. The officers searched appellant after removing him from the vehicle and found additional sheets of LSD.

In three interrelated points of error, appellant asserts his motion to suppress contraband should have been granted because his search and seizure were conducted pursuant to a capias rather than a warrant, and were, therefore, unconstitutional. He argues that (1) by statute, a warrant rather than a capias must be issued for an alleged probation violation, and (2) even if it was permissible to issue the capias, the trial court lacked probable cause to authorize his arrest.

**A. Whether a capias is permissible for a probation violation.**

■ Appellant argues that the Texas Legislature has authorized a warrant only, and not a capias, to be issued for a probationer's arrest when the probationer is alleged to have violated a condition of probation.

First, appellant points out that chapter 23 of the Texas Code of Criminal Procedure sets out other grounds for issuing a capias, but does not specify that a capias should be issued for a violation of probation. *See, e.g.,* TEX.CODE CRIM.P.ANN. arts. 23.03–23.06 (Vernon 1989 & Supp.2000) (directing that a capias "shall be issued" or "shall issue" (1) upon a felony indictment after bail has been set or denied, (2) for misdemeanor cases, (3) following a bond forfeiture, and (4) when a new bond is required in a felony case). Appellant concedes the Texas Court of Criminal Appeals has approved the use of a capias after a mandate has issued, but argues this is the only recognized common law instance in which a capias may issue. *See Ex parte Bates,* 538 S.W.2d 790, 793 (Tex.Crim.App. 1976).

Second, appellant notes that article 42.12 of the Texas Code of Criminal Procedure, which governs community supervision, specifies in part that "[a]ny judge of a court having geographical jurisdiction where the defendant is residing or where a violation of the conditions of community supervision occurs may issue a *warrant* for his arrest." TEX.CODE CRIM.P.ANN. art. 42.12, § 10(c) (Vernon Supp.2000) (emphasis added). Because article 42.12 specifies a warrant rather than a capias, appellant argues that a trial court lacks statutory authority to issue a capias for a probation violation.

Appellant cites no case law or legislative history indicating that chapter 23 contains the *exclusive* list of situations in which a capias may be issued. To the contrary, he concedes that a capias may be issued after a mandate, a situation not addressed in chapter 23. Although chapter 23 designates certain situations in which a capias "shall" issue (mandatory language), article 42.12 specifies that a warrant "may" issue (permissive language) for a probation violation. This language suggests that the

use of a warrant exclusively is not mandated for a probation violation.

Further, Texas case law tends to treat a capias and a warrant interchangeably in probation revocation cases. *See, e.g., Harris v. State,* 843 S.W.2d 34, 35 & n. 1 (Tex.Crim.App.1992) (noting decisions holding that a trial court retained jurisdiction to revoke probation where, among other situations, "*a capias or arrest warrant* issued prior to expiration of the [probation] period"); *Rodriguez v. State,* 804 S.W.2d 516, 517 (Tex.Crim.App.1991) (concluding that "[a]s long as the revocation motion was filed and *the capias or arrest warrant* issued before the expiration of the appellant's probationary term, the hearing conducted shortly after his arrest was proper") (emphases added).

Finally, the Texas Court of Criminal Appeals has recently issued an opinion suggesting that a capias *in particular* is the proper means to bring an alleged probation violator before the court:

> Two requirements must be met for a trial court to acquire jurisdiction to revoke probation. The State must file with the trial court, before the expiration of the probationary period, a motion to revoke probation that alleges the probationer violated the terms of the probation judgment. *The trial court must then, before the expiration of the probationary period, issue a capias based upon this motion that orders the arrest of the probationer.*

*Brecheisen v. State,* 4 S.W.3d 761, 763 (Tex.Crim.App.1999) (citations omitted, emphasis added).

We conclude that a court may issue a capias for probation violations.

**B. Whether the capias required probable cause for its issuance .**

Appellant next argues that even if the capias is statutorily permissible, his arrest, search, and the seizure of contraband were illegal because the capias was not supported by probable cause for his arrest. He notes that probable cause must be established before a magistrate may issue a warrant, *see Gordon v. State,* 801 S.W.2d 899, 916 (Tex.Crim.App.1990), and argues that, if a capias is interchangeable with a warrant, a capias should equally require probable cause.

■ We agree that a capias should generally be treated like a warrant for Fourth Amendment purposes. *See Sharp v. State,* 677 S.W.2d 513, 517 (Tex.Crim.App.1984) (observing that, "for purposes of constitutional scrutiny, there is no substantive difference between an arrest warrant and a capias"). However, federal and Texas case law make clear that probable cause is not necessary for the arrest or search of parolees or probationers.

In *Griffin v. Wisconsin,* the United States Supreme Court held that state probation officers' warrantless search of a probationer's apartment was permissible after the officers obtained information that the apartment might contain guns. 483 U.S. 868, 874, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987). Analogizing the state's operation of a probation system to its operation of institutions such as schools, government offices, or prisons, where exigencies may justify departure from the warrant and probable cause requirement, the Court observed:

> To a greater or lesser degree, it is always true of probationers (as we have said it to be true of parolees) that they do not enjoy "the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent on observance of special [probation] restrictions."

*Id.* (quoting from *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). *See also United States v. Lewis,* 71 F.3d 358, 363 (10th Cir.1995) (holding that the warrantless search of the defendant's residence by parole agents and police acting at the agents' request did not violate the Fourth Amendment); *United States v. Cardona,* 903 F.2d 60, 66 (1st Cir.1990) (determining that the

arrest of a parolee for parole violations in the absence of a warrant supported by probable cause did not offend the Fourth Amendment when the arresting police officers acted at the request of the parole board).

The Texas Court of Criminal Appeals has held that "probationers and parolees do not enjoy the same level of Fourth Amendment protection accorded defendants only suspected of a crime." *Garrett v. State,* 791 S.W.2d 137, 140 (Tex.Crim. App.1990). *Garrett* held that a capias for the arrest of an alleged parole violator did not require probable cause, but simply a factual basis to allow the trial court to determine "whether there was a reason to believe that [the defendant] had violated his parole conditions." *Id.* at 140–41. This requirement of a factual basis was satisfied in *Garrett* by testimony from Garrett's parole officer at his motion to suppress hearing regarding his parole violation. *Id.* at 141. Significantly, *Garrett* also noted,

> We do not hold that a parole officer must testify regarding the factual basis for a warrant under Art. 42.18, § 14(a), in order to justify the arrest. We hold only that there must be evidence presented for the trial court to consider and determine whether there was a reason to believe the parolee was subject to arrest.

*Garrett,* 791 S.W.2d at 137, n. 2; *see also Roy v. State,* 892 S.W.2d 96, 101 (Tex. App.—Texarkana 1994, pet. ref'd) (stating that for the arrest of a parolee, "the warrant and 'reason to believe' (or some factual basis) that the parolee has violated a condition of his parole [must be shown], but no affidavit is required"). We reject appellant's argument that probable cause—more than "reason to believe" that appellant violated conditions of his probation—was required before the court supervising his probation could issue a capias for his arrest.

■ Here, appellant's supervising court in Victoria issued a capias for his arrest after his Victoria County supervision officer submitted to the court a signed but unsworn request, styled "Capias/Warrant Issuance." The request represented to the court that "Defendant is in violation of condition(s): # 11 (FTR) # 29 (DS) # 32 (CSR)."

The trial court heard and determined the motion to suppress upon affidavits as authorized by article 28.01, Section 1(16) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.P.ANN. art. 28.01, § 1(16) (Vernon 2000); *Ackenback v. State,* 794 S.W.2d 567, 573 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). While appellant offered no affidavit evidence at the motion to suppress hearing, the State introduced (1) the capias pursuant to which appellant was arrested, (2) the non-sworn request for capias, or "Capias/Warrant Issuance," and (3) a post-arrest affidavit prepared by his probation officer for use at the suppression hearing. In the post-arrest affidavit, the probation officer stated that she sought the capias or warrant for appellant's arrest because he "(1) failed to report; (2) failed to pay district supervisory fees; and, (3) failed to fulfill his community service hours."

Appellant has not complained, either at the suppression hearing or on appeal, that the numbered conditions and parenthetical acronyms in the non-sworn "Capias/Warrant Issuance," or request for capias, were unclear to his supervising court. However, he has consistently objected to the trial court's admission of the supervision officer's post-arrest affidavit because it was not presented to the supervising court to establish probable cause.

■ We have previously determined that probable cause was not required to justify appellant's arrest. While the basis for the capias as stated in the affidavit was conclusory, it was undisputed by appellant and constituted some evidence for the trial court to consider in determining whether there was "reason to believe" appellant was subject to arrest. *See Garrett,* 791

S.W.2d at 141 n. 2. The affidavit was admissible and relevant in deciding the motion to suppress because (1) it provided sworn evidence stating the alleged violations of probation conditions and (2) it clarified for the court the supervision officer's shorthand abbreviation of the probation conditions allegedly violated. The trial court did not err in admitting the post-arrest affidavit.

■ We hold that the information supplied by the Victoria County supervisions officer provided the supervising court a sufficient factual basis to believe appellant violated his probation conditions, and to issue a capias for his arrest. Appellant's arrest and the subsequent search and seizure of contraband were constitutionally permissible pursuant to the trial court's validly issued capias. The evidence presented supports the trial court's ruling, and the trial court did not abuse its discretion in overruling appellant's motion to suppress the evidence of contraband.

We overrule appellant's three points of error.

We affirm the judgment.