Michael A. Magoon v. Benny B. Brown
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-290-CV

     MICHAEL A. MAGOON,
                                                                              Appellant
     v.

     BENNY B. BROWN, ET. AL.,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 02-249-B
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Michael A. Magoon is an inmate at a Texas prison. He filed a in forma pauperis lawsuit with
the Freestone County District Court alleging an assault by threat and the violation of his 8th, 13th,
and 14th Amendment rights through forced labor in the laundry services of the Boyd Unit. After
the defendants filed a motion to dismiss, the trial court dismissed Magoon’s suit for failure to
comply with § 14.004 of the Texas Civil Practice and Remedies Code.
      Magoon brings two issues on appeal: 1) the trial court erred in dismissing his suit for failure
to comply with § 14.004, and 2) the trial court erred in dismissing his suit with prejudice. We
affirm.
Failure to Comply with § 14.004
      Chapter 14 of the Texas Civil Practice and Remedies Code applies to suits brought by an
inmate who has filed "an affidavit or unsworn declaration of inability to pay costs." Tex. Civ.
Prac. & Rem. Code Ann. § 14.002 (Vernon 2002). Section 14.003 allows a court to dismiss a
suit before or after process is served if the court finds that: 1) the allegation of poverty is false;
or 2) the claim is frivolous or malicious. Id. § 14.003(a). In determining whether a claim is
frivolous or malicious, the court may consider whether: 1) the claim's realistic chance of ultimate
success is slight; 2) the claim has no arguable basis in law or fact; 3) it is clear that the party
cannot prove facts in support of the claim; or 4) the claim is substantially similar to a previous
claim filed by the inmate. Id. § 14.003(b). We review a dismissal under Chapter 14 for an abuse
of discretion. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).
      Section 14.004 requires that the inmate file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case name, the cause number,
the court in which it was brought, the names of the parties, and stating the result of the suit. Id.
14.004(a); Hickson, 926 S.W.2d at 398. This requirement is intended to reduce duplicative inmate
litigation by allowing the trial court to determine, based on previous filings, whether the inmate
has filed similar claims and whether the current suit is frivolous. Wilson v. TDCJ-ID, 107 S.W.3d
90, 92 (Tex. App.—Waco 2003, no pet.). Without this information, the trial court is unable to
consider whether an inmate’s current claim is substantially similar to a previous claim. Bell v.
Texas Dept. of Criminal Justice–Institutional Div., 962 S.W.2d 156, 158 (Tex. App.—Houston
[14th Dist.] 1998, pet. denied). When an inmate does not comply with the affidavit requirements
of section 14.004, the trial court is entitled to assume the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous. Id.
      Magoon did not attach a separate affidavit of his previous lawsuits. He attempted to list some
of them in his petition but failed to state all the pertinent information required by section 14.004. 
In a document that crossed in the mail with the trial court’s judgment of dismissal, Magoon
supplemented the information on his filings in Jefferson County and Karnes County. But Magoon
still failed to provide sufficient information on his filings in Rusk County, Brazos County, and
Brazoria County as alleged in his original petition.
      At the time the trial court made its decision, Magoon had not complied with the affidavit
requirements of section 14.004. Thus, the trial court was entitled to assume Magoon’s current
lawsuit was frivolous and did not abuse its discretion in dismissing it. Magoon’s first issue is
overruled.
With or Without Prejudice
      The question now becomes whether the trial court erred in dismissing Magoon’s suit with
prejudice. A dismissal for failure to comply with the conditions in section 14.004 alone is not a
dismissal on the merits, but rather an exercise of the trial court's discretion. Thomas v. Skinner,
54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied); see also Josey v. Bell County
Law Enforcement Ctr., No. 03-02-00612-CV, 2003 Tex. App. Lexis 2161, *3 (Austin March 13,
2003, pet. denied). Thus, it is error to dismiss a suit with prejudice if it is dismissed on section
14.004 alone and the inmate was not provided with an opportunity to amend his pleadings. 
Hughes v. Massey, 65 S.W.3d 743, 746 (Tex. App.—Beaumont 2001, no pet.).
      It appears from the trial court’s order that Magoon’s suit was dismissed pursuant only to the
failure to comply with section 14.004. But Magoon had an opportunity to amend his pleadings
when the defendants filed their motion to dismiss asserting Magoon’s non-compliance with section
14.004 as a ground for dismissal. Magoon responded to the motion to dismiss prior to the trial
court’s order of dismissal but failed to provide the information required by section 14.004. Thus,
it was not error for the trial court to dismiss Magoon’s suit with prejudice. Magoon’s second issue
is overruled.
Conclusion
      Having overruled Magoon’s two issues, we affirm the judgment of the trial court.
 
                                                                         TOM GRAY
                                                                         Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed
Opinion delivered and filed December 31, 2003
[CV06]



of producing the contested supporting affidavit on the
defendant.” Miller v. State, 736 S.W.2d 643, 648 (Tex. Crim. App. 1987).
      Accordingly, when the State justifies an arrest on the basis of a warrant, it must produce
the warrant and supporting affidavit to the trial court if the validity of the arrest is challenged. 
Etheridge v. State, 903 S.W.2d 1, 19 (Tex. Crim. App. 1994); Miller, 736 S.W.2d at 648. 
This procedure allows the trial court to review the documents and determine whether probable
cause exists and whether the accused’s rights have been protected. Etheridge, 903 S.W.2d at
19; Garrett v. State, 791 S.W.2d 137, 140 (Tex. Crim. App. 1990).
      Courts have excused the State from compliance with this production requirement if the
State introduces testimony from the magistrate who issued the warrant, the officer who
presented the probable cause affidavit for the warrant, or another witness familiar with the
factual basis for the warrant. See, e.g., Etheridge, 903 S.W.2d at 19 (magistrate); Garrett,
791 S.W.2d at 141 (parole case worker); Dorsey v. State, 964 S.W.2d 701, 704 (Tex.
App.—Houston [14th Dist.] 1998, pet. ref’d) (officer who presented affidavit and complaint
“containing a short narrative” of facts in affidavit). Presentation of such other evidence
suffices if the accused has opportunity to cross-examine the witness concerning the validity of
the warrant and the “trial court ha[s] adequate opportunity to determine whether probable
cause existed.” Etheridge, 903 S.W.2d at 19.
      The State did not produce Oliver’s arrest warrants or any other evidence related to the
validity of the warrants. This “does not end our inquiry,” however. Miller, 736 S.W.2d at
648. “[W]e must now examine the circumstances surrounding acquisition of [the evidence in
question]” and determine whether the search and seizure was sufficiently attenuated from the
tainted


 arrest to allow admission of the evidence. Gant v. State, 649 S.W.2d 30, 33 (Tex.
Crim. App. 1983); accord Miller, 736 S.W.2d at 649-51. We examine these circumstances in
light of the factors set forth in Brown v. Illinois. Id. (both citing Brown v. Illinois, 422 U.S.
590, 603-04, 95 S. Ct. 2254, 2261-62, 45 L. Ed. 2d 416 (1975)).
      In Brown, the United States Supreme Court enunciated the following factors to be
considered in determining whether the taint of an unlawful arrest has been sufficiently
attenuated to justify admission of evidence seized in connection with the tainted arrest:
      ∙    whether Miranda warnings were given;
 
      ∙    the temporal proximity of the arrest and the evidence;
 
      ∙    the presence of intervening circumstances; and
 
      ∙    the purpose and flagrancy of the official misconduct.

Brown, 422 U.S. at 603-04, 95 S. Ct. at 2261-62; Dowthitt v. State, 931 S.W.2d 244, 261
(Tex. Crim. App. 1996).
Miranda Warnings
      We employ the first factor only in cases in which the evidence sought to be suppressed is
testimonial in nature. See Brown, 422 U.S. at 603-04, 95 S. Ct. at 2261-62; Dowthitt, 931
S.W.2d at 261; Holmes v. State, 962 S.W.2d 663, 669 (Tex. App.—Waco 1998, pet. ref’d,
untimely filed). In this case, Oliver complains in part about the admission in evidence of her
statement that hitchhikers had left the clip in the pickup and her denial of the existence of a
handgun in the pickup. Oliver made these statements before receiving the Miranda warnings
but after her arrest.
      However, the protections of article 38.22 and the state and federal constitutions do not
apply to custodial statements “which are not confessional in nature and which do not implicate
the accused in the offense.” Burns v. State, 807 S.W.2d 878, 882 (Tex. App.—Corpus Christi
1991, pet. ref’d). Both of Oliver’s statements appear to fit within this exception to the
statutory and constitutional exclusionary rules on which she relies. Therefore, because her
statements are not confessional, they are admissible notwithstanding the tainted arrest.
Temporal Proximity
      The officer’s recovery of the ammunition clip and the handgun took place in close
temporal proximity to the arrest. Thus, this factor weighs against the State. However,
intervening circumstances can operate to minimize this factor. See Holmes, 962 S.W.2d at
669; Matienza v. State, 699 S.W.2d 626, 628 (Tex. App.—Dallas 1985, pet. ref’d).
Intervening Circumstances
      The “intervening circumstances” surrounding Oliver’s arrest appear dispositive in this
case. Oliver does not dispute that the officer validly stopped the pickup in response to a traffic
violation. Because she was a passenger in a lawfully stopped vehicle, the officer could
properly detain her for investigative purposes. See Rhodes v. State, 945 S.W.2d 115, 117
(Tex. Crim. App. 1997); Josey v. State, 981 S.W.2d 831, 837-38 (Tex. App.—Houston [14th
Dist.] 1998, pet. ref’d). The officer stopped the pickup at about 11 o’clock at night while on
patrol by himself. Based on these facts, the number of occupants in the truck, and his need to
arrest the driver, we conclude he acted reasonably in conducting a protective search of Oliver. 
See Rhodes, 945 S.W.2d at 117-18; Josey, 981 S.W.2d at 839-40. 
      After finding Oliver in possession of the clip, the officer could reasonably believe that a
handgun might be in the pickup. See Goodwin v. State, 799 S.W.2d 719, 728 (Tex. Crim.
App. 1990); Hurtado v. State, 881 S.W.2d 738, 742-43 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d). Thus, the officer acted reasonably in searching the pickup for a weapon. Id.
Purpose and Flagrancy of Misconduct
      When considering this factor, we begin by observing that the record contains no evidence
to indicate that the arresting officer engaged in any misconduct. The officer certainly had the
right to arrest Oliver on the basis of the dispatcher’s information that she had outstanding
warrants.


 See, e.g., Haley v. State, 480 S.W.2d 644, 645 (Tex. Crim. App. 1972); Tex.
Code Crim. Proc. Ann. art. 15.26 (Vernon 1977). Moreover, because the officer had
reasonable suspicion apart from the purported arrest warrants to search for weapons, we
conclude that his recovery of the clip and the handgun was not tainted by “purposeful or
flagrant misconduct.”
Summary
      Because the officer developed reasonable suspicion independent of the warrants which are
the stated basis for Oliver’s arrest, we conclude that the recovery of the evidence was
sufficiently attenuated from the arrest to allow admission of the evidence.


 See Miller, 736
S.W.2d at 651; Gant, 649 S.W.2d at 34-35. Because Oliver’s statements are not confessional,
they are admissible notwithstanding her tainted arrest. See Burns, 807 S.W.2d at 882. For
these reasons, the court did not err in admitting the evidence in question. Accordingly, we
overrule Oliver’s sole point of error.
      We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed
Opinion delivered and filed January 19, 2000
Publish