Opinion issued October 27, 2005
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00862-CR
 __________
 
MARK LEONARD PRATER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 967574
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Mark Leonard Prater, guilty of possession with intent
to deliver more than four and less than 200 grams of cocaine. After finding one
enhancement paragraph true, the jury assessed punishment at 22 years’ confinement. 
In two points of error, appellant contends that (1) the trial court erred in denying his
motion to suppress and (2) the evidence is legally insufficient to support the verdict. 
We reverse and remand the cause for a new trial. 
Motion to Suppress
          In point of error one, appellant argues that the trial court erred in denying his
motion to suppress because the arrest and search were not “supported by probable
cause or pursuant to a valid warrant.” Appellant filed a motion to suppress alleging
that he was “arrested without a valid warrant and/or probable cause and exigent
circumstances in violation of his rights as guaranteed by U.S. Const. amend IV, XIV
and Tex. Const. art. 1, sec. 9.”
          A trial court’s ruling on a motion to suppress evidence will not be set aside
unless there is an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App. 1996); Spight v. State, 76 S.W.3d 761, 765 (Tex. App.—Houston [1st
Dist.] 2002, no pet.). We will afford almost total deference to a trial court’s
determination of facts supported by the record, especially when the findings are based
on the evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997); Spight, 76 S.W.3d at 765. The appellate courts may review
de novo “mixed questions of law and fact” not falling within this category. Guzman,
955 S.W.2d at 89.
          During the motion to suppress, Houston Police Department Sergeant Diana
Poor testified that, on November 8, 2003, she was stopped at a traffic light and
decided to “run the license plates” of the cars around her. When she checked on the
license plate of the Cadillac in front of her, the computer indicated that there were
“city warrants.”


 The computer described that the warrant was for a black male
named “Mark Prater.”
          Sergeant Poor testified that, once she saw that the driver was a black male, she
pulled the Cadillac over and asked the driver if he was Mark Prater. When he
answered that he was, Sergeant Poor took him into custody and put him in the back
of her patrol car. There was no one else in the car. She transferred him to another
patrol car, and appellant’s car was inventoried before it was towed from the scene. 
          Houston Police Department Sergeant Herberto Hernandez testified that he
opened the front passenger door of the Cadillac to conduct the inventory and noticed
a “plaid flannel jacket bunched up in the middle of the seat.” He picked it up, and a
“clear white bag of white substance fell out of the front pocket.” The powdery
substance field tested positive for cocaine. Sergeant Hernandez testified that he
followed “policy” by towing the car from the scene. 
          Appellant complains that “the state failed to produce any warrants or testimony
supplying the underlying probable cause for appellant’s arrest.” 
          When the State seeks to justify an arrest on the basis of an arrest warrant, it
must produce both the warrant and the supporting affidavit in the trial court at the
time of the justification of the arrest. Etheridge v. State, 903 S.W.2d 1, 19 (Tex.
Crim. App. 1994). “This requirement is imposed so that the trial court may inspect
the documents and determine whether probable cause existed and ensure that the
arrestee’s rights have been fully protected.” Garrett v. State, 791 S.W.2d 137, 140
(Tex. Crim. App. 1990). In Garrett, the State failed to produce a supporting affidavit
to support Garrett’s arrest warrant for parole violation, but the parole case worker
testified at the suppression hearing. The Court of Criminal Appeals wrote:
Since the parole case worker was called and was subject to cross
examination, appellant was not deprived of the opportunity to inquire
regarding the basis for the warrant. The trial court was given the
opportunity to determine whether the warrant was supported by a
reasonable belief, and appellant’s rights were protected.

Id. at 141.

          Here, the State failed to produce any evidence relating to the veracity of the
warrants. Neither the actual warrants nor the supporting affidavits were produced. 
There was no evidence introduced that explained the basis for the warrant; therefore,
the trial court was not given an opportunity to determine whether the warrant was
supported by a reasonable belief. See id.
          Accordingly, we hold that the trial court abused its discretion by denying
appellant’s motion to suppress.
          We sustain point of error one.
Sufficiency
          In point of error two, appellant contends that the evidence was legally
insufficient to sustain his conviction “because the evidence failed to affirmatively link
appellant to the confiscated bag of cocaine.”
          In a legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and then determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). An appellate court must
consider all evidence actually admitted, even evidence improperly admitted at trial,
in its sufficiency review and give it whatever weight and probative value it could
rationally convey to a jury. Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App.
2004).
          “‘Possession’ means actual care, custody, control, or management.” See Tex.
Health & Safety Code Ann. § 481.002 (38) (Vernon 2003). A person commits a
possession offense only if he voluntarily possesses the prohibited item. Tex. Pen.
Code Ann. § 6.01(a) (Vernon 2003). “Possession is a voluntary act if the possessor
knowingly obtains or receives the thing possessed or is aware of his control of the
thing for a sufficient time to permit him to terminate his control.” Id. § 6.01(b). 
When a defendant’s possession of contraband is not exclusive, the State may prove
knowing possession by evidence affirmatively linking the defendant to the
contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). An
affirmative link may be established through direct or circumstantial evidence. Id. 
Some non-exhaustive factors that may affect the determination of an affirmative link
include whether the contraband was (1) in a car driven by the accused, (2) in a place
owned by the accused, (3) conveniently accessible to the accused, (4) in plain view,
or (5) found in an enclosed space. Powell v. State, 112 S.W.3d 642, 644–45 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). Courts have also considered an
accused’s affirmative statement connecting him to the contraband. See Gilbert v.
State, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).
          The evidence presented at trial established that the cocaine was (1) found in a
car driven by appellant, (2) conveniently accessible to the accused, and (3) in an
enclosed space. See id. We hold that the evidence was legally sufficient to support
the conviction. 
          We overrule point of error two.
Conclusion
          We reverse the trial court’s order denying the motion to suppress and remand
the cause for a new trial.
 

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).