

February 12, 2007

The Honorable Roy DeFriend
Limestone County and District Attorney
Limestone County Courthouse
200 West State Street, Suite 110
Groesbeck, Texas 76642

Opinion No. GA-0515

Re: Whether a bail bond may be accepted in a Texas county for a person jailed in another state (RQ-0512-GA)

Dear Mr. DeFriend:

You ask whether bail may be made in Limestone County to secure the release of a person held in an out-of-state jail on an offense committed in Limestone County.[1] "'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him . . . ." TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 2005). A "bail bond" is a written promise by the defendant and his sureties to the state that the defendant will appear before a court or magistrate to answer a criminal accusation, secured by an amount of money set by a judge, a magistrate, or under some circumstances a peace officer. *See id.* arts. 17.02, .05, .08, .11, .15.

Your question arises from a situation described by the Limestone County Sheriff. The Limestone County District Clerk issued a capias in connection with a motion to revoke an individual's probation.[2] A "capias" is defined as "a writ issued by the court or clerk, and directed 'To any peace officer of the State of Texas', commanding him to arrest a person accused of an offense and bring him before that court." *Id.* art. 23.01 (Vernon 1989). *See Ballard v. State,* 33 S.W.3d 463, 466 (Tex. App.—Houston [1st Dist] 2000, pet. ref'd) (stating that Texas case law tends to treat a capias and a warrant interchangeably in probation revocation cases and for Fourth Amendment purposes). The individual was arrested in Kansas pursuant to the Limestone County warrant. *See* Request Letter, *supra* note 1, at 1. The warrant contained the bail amount, and a licensed Limestone County bondsman went to the Limestone County Sheriff and sought to make a bond for the accused on the Limestone County charge while she was in a Kansas jail.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 23.12 (Vernon 1989) (in bailable felony cases, the court fixes the amount of bail, and the clerk endorses this amount on the capias).

---

[1]Letter from Honorable Roy DeFriend, Limestone County and District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (July 18, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Telephone Conversation with Roy DeFriend, Limestone County and District Attorney (Nov. 1, 2006).

[3]Telephone Conversation with Roy DeFriend, Limestone County and District Attorney (Oct. 30, 2006).

You inform us that Limestone County "is a bail bond board county." *See* Request Letter, *supra* note 1, at 1. Thus, the licensing of bail bond sureties in your county is governed by Occupations Code chapter 1704. *See* TEX. OCC. CODE ANN. ch. 1704 (Vernon 2004 & Supp. 2006). A license issued by the Limestone County Bail Bond Board pursuant to Occupations Code chapter 1704 authorizes a person to act as a bail bond surety in Limestone County but not outside of the county. *See* TEX. OCC. CODE ANN. § 1704.151 (Vernon 2004); Tex. Att'y Gen. Op. Nos. GA-0002 (2002) at 1, DM-59 (1991) at 2; *see also* TEX. OCC. CODE ANN. § 1704.163 (Vernon Supp. 2006) (attorney for defendant may act as surety for defendant without a bail bond license in any county in the state). Whether a particular bail bond surety may provide bail set by the judge or magistrate of another state for a person awaiting extradition to Texas is a matter of that state's law. *See, e.g.,* KAN. CRIM. PROC. CODE ANN. §§ 22-2716, 22-2802, 22-2806 (West 1995).

Texas law, however, will determine whether the Limestone County Sheriff may accept a bond for a Limestone County offense while the accused is jailed in another state. Chapter 17 of the Texas Code of Criminal Procedure sets out the provisions for granting bail for a person accused of committing an offense in Texas, and these include provisions authorizing a sheriff to accept bail. *See* TEX. CODE CRIM. PROC. ANN. ch. 17 (Vernon 2005 & Supp. 2006), *id.* arts. 17.20–.22 (Vernon 2005). Article 17.20 provides that the sheriff, "where he has a defendant in custody," may take a bail bond of the defendant in cases of misdemeanor, whether it is during the term of the court or in vacation. *Id.* art. 17.20 (Vernon 2005). Article 17.21 allows a sheriff to accept a bail bond in a felony case:

> In cases of felony, when the accused is in custody of the sheriff or other peace officer, and the court before which the prosecution is pending is in session in the county where the accused is in custody, the court shall fix the amount of bail, if it is a bailable case and determine if the accused is eligible for a personal bond; and the sheriff . . . is authorized to take a bail bond of the accused in the amount as fixed by the court, to be approved by such officer taking the same, and will thereupon discharge the accused from custody. It shall not be necessary for the defendant or his sureties to appear in court.

*Id.* art. 17.21. If the court in a felony case is not in session in the county where the defendant is in custody, article 17.22 provides that "the sheriff . . . having [the defendant] in custody, may take his bail bond in such amount as may have been fixed by the court or magistrate, or if no amount has been fixed, then in such amount as such officer may consider reasonable." *Id.* art. 17.22.

Each of these provisions authorizing the sheriff to accept bail requires the accused to be in the sheriff's custody. Under the Code of Criminal Procedure, a person in the sheriff's custody is under his control. *See id.* arts. 15.01 ("warrant of arrest" directs a peace officer to "take the body of the person accused of an offense"); 15.17 (Vernon Supp. 2006) (person having custody of arrested person shall take the person before a magistrate). Pursuant to article 17.21, "the court before which the prosecution is pending" shall fix the amount of bail if the court "is in session in the county where

the accused is in custody." *Id.* art. 17.21 (Vernon 2005). A person jailed in another state is not in the Limestone County Sheriff's custody, nor is the person in custody in the county where the prosecution is pending. Thus, chapter 17 provides no authority for the Limestone County Sheriff to accept bail for an offense committed in Limestone County while the accused is jailed in another state.

Provisions in chapter 23 of the Code of Criminal Procedure authorize the arresting officer or the sheriff to accept bail. *See id.* arts. 23.10 (arrest for a felony in the county where the prosecution is pending during a term of court); 23.11 (arrest for a felony in another county or when the court is in vacation); 23.14 (arrest under capias in a misdemeanor) (Vernon 1989). The authority granted by these provisions is, however, contingent on an "arrest," whereby the arresting officer has placed the accused under restraint or taken custody of him. *See id.* art. 15.22 (Vernon 2005) (defining "arrest"). Article 23.01, which requires a peace officer "to arrest a person . . . and bring him before [the] court" demonstrates that the officer must have physical control of the person. *Id.* art. 23.01 (Vernon 1989). The Limestone County Sheriff does not have custody of a person jailed in another state and accordingly has no authority to accept bail under chapter 23.

We conclude that the Limestone County Sheriff has no authority to accept bail for an offense committed in Limestone County while the accused was jailed in another state.

## S U M M A R Y

A Texas sheriff has no authority to accept bail for an offense committed in the sheriff's county if the accused is jailed in another state.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee