Reversed and Remand and Memorandum Opinion filed March 2, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00121-CR

___________________

 

Carl Edward Rubit, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 263rd District Court

Harris County,
Texas



Trial Court Cause No. 1180754

 



 

 

MEMORANDUM  OPINION

            Appellant, Carl Edward Rubit,
appeals the denial of his motion to suppress.  Following the denial of his
motion, appellant entered a plea of guilty to one count of possession of
cocaine.  Pursuant to a plea agreement, appellant was sentenced to two years’
confinement in the Texas Department of Criminal Justice, Institutional
Division.  We reverse the trial court’s denial of appellant’s motion to
suppress and remand for a new trial consistent with this opinion.

Factual and Procedural Background

            Harris County Deputy Sheriff Gary Worley
testified that on August 27, 2008, he received a call from fellow
Deputy B. J. Taylor informing him of the whereabouts of a female named Wanda
White.  Deputy Taylor had apprehended a male named Joseph Ellis who relayed to
Deputy Taylor that White had been involved in robberies at the local truck-stop. 
Ellis informed Deputy Taylor that White was staying at an apartment complex in
the McNair area.  Deputy Worley ran White’s name through the “NCIC/TCIC”[1] system and
discovered there was a warrant out for her arrest because of a parole
violation.  Deputy Worley also decided to run appellant’s name because he knew
that White and appellant “ran together.”  After running appellant’s name
through the JIMS[2]
system, Deputy Worley learned there was an open J.P. warrant[3] for appellant on a
ticket Deputy Worley had written him.  Before going to White’s alleged
location, Deputy Worley called the Board of Pardons and Paroles to verify
White’s warrant and called the Constable’s office to verify appellant’s
warrant.  Deputy Worley testified that both were valid.  

            Deputy Worley, his partner Deputy Garza, and
Deputy Taylor, went to the apartment complex where White was allegedly
staying.  Deputy Worley testified that the apartment complex had been abandoned
for years, it had no electricity or water, and that it was “trashed.”  Deputy
Worley said there was no door to the unit where White was staying; there was
only a piece of particle board covering the doorway.  Deputy Worley testified
that he pushed on the board, it fell down, and he walked inside.  Once inside,
Deputy Worley observed buckets of human waste, disassembled bicycles, car
parts, and candles that had been burned all the way down.  He also testified
that there was no electricity in the unit at this time.  Deputy Worley found
appellant and White asleep in the bedroom.  Deputy Worley observed a crack pipe
at appellant’s bedside, which field tested positive for cocaine.  Deputy Worley
also found a piece of plastic cellophane containing a substance, which tested
positive for cocaine, in appellant’s pants.  Deputy Worley testified appellant
voluntarily admitted both the crack pipe and the cocaine were his.  Deputy
Worley arrested appellant; however, the record is unclear as to whether Deputy
Worley arrested appellant for possession of cocaine/contraband or the open
warrant.  During cross-examination, Deputy Worley confirmed that his only legal
basis for entering the apartment was the warrant out for White’s parole
violation and the tip that White would be inside that apartment.  Deputy Worley
also confirmed that he was not using appellant’s J.P. warrant for probable
cause to enter the apartment.  The State did not enter either of the warrants
into evidence at trial.

            After Deputy Worley finished testifying, the
defense called appellant to the stand.  Appellant testified he had been living
at the apartment since 2004 and that he uses the front room to work on
projects, such as small engines, air conditioners, stoves, and other various
appliances.  Appellant told the court he has a 13-inch color television that
was on when Deputy Worley arrested him.  Appellant said that the landlord of
the building, Mr. Kevin Lawson, allowed him to stay at the apartment in
exchange for odd jobs and work on the property.  Appellant testified that White
was his common law wife and had been staying with him at the apartment since
2004.  Appellant explained that when Deputy Worley came to his apartment to
arrest him, the crack pipe was not at his bedside, but was in the closet. 
Appellant also denied having admitted to owning the crack pipe or cocaine.  Appellant
testified that he was not shown a warrant on the morning Deputy Worley entered
his apartment. 

            During cross-examination, appellant testified
that he had electricity in his apartment.  However, he told the court that his
name was not on the electricity account.  Appellant explained the account was
under his ex-girlfriend’s name and that he gave her money to pay the bill.  Appellant
testified there was a door on the apartment with a lock and that Deputy Worley
was lying when he said there was not a door.           

            After the hearing on the motion to suppress the
trial court denied appellant’s motion and filed findings of fact and
conclusions of law.  The court found appellant had an expectation of privacy in
the apartment because it was his residence, but Deputy Worley entered lawfully
pursuant to a subjective belief that there was a valid warrant for White’s
arrest and, per an informant, Deputy Worley had reason to believe White would
be inside the apartment.  Appellant pleaded guilty to possession of cocaine,
but retained the right to appeal the motion to suppress.            

Discussion

            Appellant contends the trial court erred in
denying his motion to suppress.  Specifically, appellant argues police deputies
unlawfully entered his residence thereby tainting any evidence they obtained. 
The State argues appellant has no standing to bring a motion to suppress
because he lacked an expectation of privacy in the residence.  

I.         Standard of Review

            We review the trial court’s ruling on a
motion to suppress under an abuse of discretion standard.  State v. Dixon,
206 S.W.3d 587, 590 (Tex. Crim. App. 2006).  If supported by the record, a
trial court’s ruling on a motion to suppress will not be overturned.  Id. 
At a suppression hearing, the trial court is the sole finder of fact and is
free to believe or disbelieve any or all of the evidence presented.  Brooks
v. State, 76 S.W.3d 426, 430 (Tex. App.—Houston [14th Dist.] 2002, no
pet.).  We afford almost total deference to the trial court’s determination of
the historical facts that the record supports, especially when the trial
court’s findings turn on evaluating a witness’s credibility and demeanor.  Paulea
v. State, 278 S.W.3d 861, 863 (Tex. App.—Houston [14th Dist.] 2009, pet.
ref’d).  We review de novo the trial court’s application of the law to the
facts if resolution of those ultimate questions does not turn on the evaluation
of credibility and demeanor.  Id.  The reviewing court may not disturb
supported findings of fact absent an abuse of discretion.  State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  

II.        Analysis  

            A.        Did appellant have an expectation of
privacy in the residence?

            We must first address the State’s
contention that appellant has no standing to contest the search of the
residence.  In its factual findings the trial court found “[t]hat the residence
in question served as the Defendant’s residence and that the Defendant had
standing to challenge the search.”  

            An accused has standing to contest a search under
the Fourth Amendment only if he had a legitimate expectation of privacy in the
place to be searched.  Granados v. State, 85 S.W.3d 217, 222–23 (Tex.
Crim. App. 2002) (citing Rakas v. Illinois, 439 U.S. 128, 143 (1978)). 
A defendant, who bears the burden of demonstrating a legitimate expectation of
privacy, can do so by establishing that he had a subjective expectation of
privacy in the place invaded that society is prepared to recognize as
reasonable.  Id. at 223 (citing Smith v. Maryland, 442 U.S. 735,
740 (1978)).  Several factors are relevant to determining whether a given claim
of privacy is objectively reasonable: (1) whether the accused had a property or
possessory interest in the place invaded; (2) whether he was legitimately in
the place invaded; (3) whether he had complete dominion or control and the
right to exclude others; (4) whether, prior to the intrusion, he took normal
precautions customarily taken by those seeking privacy; (5) whether he put the
place to some private use; and (6) whether his claim of privacy is consistent
with historical notions of privacy.  Id.  This list of factors is not
exhaustive, however, and none is dispositive of a particular assertion of
privacy; rather, we examine the circumstances surrounding the search in their
totality.  Id.  

            In this case, Deputy Worley testified the
apartment complex had been abandoned for years, had no electricity, and no
water.  He said the doorway of appellant’s unit had a particle board nailed
over it and that the inside was “trashed.”  On the other hand, appellant
testified he had been living in the apartment on and off since 2004.  He
testified the landlord allowed him to stay there in exchange for appellant’s
doing odd jobs on the property.  Appellant told the trial court he paid an
electric bill for the property to his ex-girlfriend because her name was on the
account.  Appellant claimed the apartment had a door with a lock.  Appellant
testified there was a television playing in the bedroom when Deputy Worley
entered.  Deputy Worley did not recall seeing an operating television when he
entered the property.  

            The question here is one of credibility.  Because
the trial court is the sole judge of witness credibility and demeanor in a
motion to suppress hearing, we must give deference to his findings.  Paulea,
278 S.W.3d at 863.  The trial court found the apartment was appellant’s
residence based on the above testimony.  Therefore, taking appellant’s
testimony as historical fact and applying the above legal factors, we hold the
trial court did not abuse its discretion in finding that appellant had an
expectation of privacy in the apartment.   

            B.        Did the trial court err in finding
the deputies lawfully entered                                          appellant’s
residence?[4]


            Deputy Worley based his entry into
appellant’s residence on a warrant for Wanda White’s arrest.  The record is
unclear as to whether appellant was arrested pursuant to an open J.P. warrant
or pursuant to the “plain view” exception to the warrant requirement.  On
appeal, appellant contends the warrant for White’s arrest was not sufficient to
provide the deputies with probable cause to enter his residence.  The arrest
warrant for White was not entered into evidence at trial.  The trial court
determined Deputy Worley lawfully entered appellant’s apartment because he had
a subjective belief that a warrant existed for White’s arrest and that Deputy
Worley had reliable information White was in appellant’s residence.     

            The Fourth Amendment to the United States
Constitution provides: 

The right of the people to be secure in their persons,
houses, papers, and effects, against unreasonable searches and seizures, shall
not be violated and no Warrants shall issue, but upon probable cause, supported
by Oath or affirmation, and particularly describing the place to be searched,
and the persons or things to be seized.

U.S. Const.
Amend. IV.   If the State intends to justify a search or arrest on the basis of
a warrant, it is incumbent on the State to produce the warrant and its
supporting affidavit for inspection by the trial court.  Etheridge v. State,
903 S.W.2d 1, 19 (Tex. Crim. App. 1994); Moreno v. State, 858 S.W.2d
453, 461 (Tex. Crim. App. 1993).  This procedure allows the trial court to
review the documents and determine whether probable cause exists and whether
the accused’s rights have been protected.  Etheridge, 903 S.W.2d at 19; Garrett
v. State, 791 S.W.2d 137, 140 (Tex. Crim. App. 1990).  Courts have excused
the State from compliance with this production requirement if the State
introduces testimony from the magistrate who issued the warrant, the deputy who
presented the probable cause affidavit for the warrant, or another witness
familiar with the factual basis for the warrant.  See Dorsey v. State,
964 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d). 
Presentation of such other evidence suffices if the accused has the opportunity
to cross-examine the witness concerning the validity of the warrant and the
trial court has an adequate opportunity to determine whether probable cause
existed.  De La O v. State, 127 S.W.3d 799, 801 (Tex. App.—San Antonio
2003, pet. ref’d).  

            In Garrett v. State, the Court of Criminal
Appeals explained the application of this requirement to parolees, who, in some
instances, have diminished rights as necessitated by the parole system.  Garrett,
791 S.W.2d at 140.  The Garrett Court stated while a supporting
affidavit of probable cause may not be required for parolees; a trial court must
have a sufficient opportunity to determine whether there was a reason to
believe the parolee violated his parole conditions.  Id. at 140–41.  In Garrett,
the State failed to produce the warrant and supporting affidavit during the
suppression hearing.  Id. at 138.  However, the court held the warrant
was valid because a parole case worker testified regarding the defendant’s
failure to comply with a parole condition, providing the trial court the
opportunity to determine whether the warrant was supported by reasonable
belief.  Id. at 141.

            In the instant case, the arrest warrant for White
was not entered into evidence.  The only evidence the State provided regarding
the warrant was Deputy Worley’s testimony that he ran White’s “NCIC/TCIC” and
“got the hit on the parole violation.”  Deputy Worley testified he verified
White’s warrant by calling the Board of Pardons and Parole.  On
cross-examination, Deputy Worley admitted he did not know (1) why White was on
parole, (2) the issuing date of the warrant, or (3) how White had violated the
terms of her probation.  Because there was no evidence introduced explaining
the basis for the warrant, the trial court was not given an opportunity to
determine whether a warrant existed and that White violated her probation. 
Accordingly, we hold the trial court abused its discretion in finding Deputy
Worley lawfully entered appellant’s apartment.  Consequently, the trial court erred
in denying appellant’s motion to suppress based on Deputy Worley’s unlawful
entry into appellant’s residence.  Accordingly, we sustain appellant’s sole
issue.  

            Having determined the trial court erred in
denying appellant’s motion to suppress, we now consider whether this error is
reversible.  See Tex. R. App. P. 44.2.  The error violated appellant’s
federal constitutional rights.  See Torres v. State, 182 S.W.3d 899, 901
(Tex. Crim. App. 2005).  The Court of Criminal Appeals has stated appellate
courts are not to speculate as to an appellant’s reasons for entering a
“guilty” plea or as to whether appellant would have done so if the motion to
suppress had been granted.  See McKenna v. State, 780 S.W.2d 797,
799–800 (Tex. Crim. App. 1989); Kraft v. State, 762 S.W.2d 612, 613–15
(Tex. Crim. App. 1988).  As long as the evidence that should have been
suppressed “would in any measure inculpate the accused,” this court must
presume the trial court’s denial of appellant’s motion to suppress influenced
appellant’s decision to plead “guilty” and is reversible error.  See Mckenna,
780 S.W.2d at 799–800; Kraft, 762 S.W.2d at 613–15.  Because the
evidence seized from appellant’s residence, namely the cocaine, was
inculpatory, we presume the trial court’s erroneous denial of appellant’s
motion to suppress influenced appellant’s decision to plead “guilty.”  Therefore,
the error is reversible.  

Conclusion

            Having sustained appellant’s sole issue, we
reverse and remand for a new trial consistent with this opinion.

                                               

                                                

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] The record does not
indicate what these acronyms mean.





[2] The record does not
indicate what these acronyms mean.





[3] Deputy Worley indicated
that a J.P. warrant is a warrant issued on an unpaid misdemeanor ticket.





[4] The State failed to
respond to this issue in its brief.