**William A. PAULEA, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–07–01044–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 10, 2009.

David R. Bires, Steven Lieberman, Houston, TX, for appellants.

Shirley Cornelius, Houston, TX, for State.

Panel consists of Justices ANDERSON and FROST and Senior Justice HUDSON.[*]

## OPINION

KEM THOMPSON FROST, Justice.

Appellant William A. Paulea challenges his conviction for possession of a controlled substance, claiming the trial court committed error in denying his motion to suppress the evidence seized during an unlawful arrest. Because the State did not produce the warrants, which were the stated basis for appellant's arrest, and because the record does not contain adequate grounds to conclude probable cause existed for his arrest, the trial court erred in denying appellant's motion to suppress. We reverse and remand.

### I. Factual and Procedural Background

A police officer observed an unattended vehicle parked in a traffic lane. Appellant, who was across the street, signaled to the officer that the vehicle belonged to him and that he would move it from the road-

---

[*] Senior Justice J. Harvey Hudson sitting by assignment.

way. The officer treated the incident as a traffic violation and ran appellant's license plate number on a computer. The officer learned that someone associated with the vehicle had four, outstanding city warrants. The officer detained appellant in the officer's patrol car until the officer could verify more information about the warrants.[1] When the officer learned the outstanding warrants were issued to appellant, the officer arrested him for the warrant violations. At some point before appellant's arrest, the officer asked appellant for his driver's license, but appellant did not produce one.

Before appellant's vehicle was towed, the officer conducted an inventory of the vehicle. The officer found a plastic bag imprinted with marijuana leaves protruding from the area between the center console and the driver's seat. The bag contained a substance consistent with crystal methamphetamine. The officer ran tests to determine if the contents of the bag was a controlled substance and received positive results.

Appellant was charged with a felony offense of possession of a controlled substance. Appellant filed a motion to suppress evidence seized during his arrest on the basis that it was illegally obtained in a warrantless arrest and subsequent search. At a hearing on the motion, the State did not produce the outstanding warrants. Instead the police officer testified that parking in a traffic lane and driving without a license are violations of law. The trial court denied appellant's motion to suppress.

Appellant then pleaded "guilty" to the charges, and the trial court sentenced appellant to deferred adjudication probation for two years. Appellant now challenges the trial court's denial of his motion to suppress.

## II. ISSUES AND ANALYSIS

In his first issue, appellant argues his arrest was not made under a valid warrant because the State did not produce any warrant at the suppression hearing. In his second issue, appellant claims there was no probable cause to arrest him. Appellant further asserts that because he was unlawfully arrested in violation of the Fourth Amendment, any evidence seized during his arrest should have been suppressed, and, therefore, the trial court erred in denying his motion to suppress.

We review the trial court's ruling on a motion to suppress under an abuse-of-discretion standard. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex.Crim.App.2006). If supported by the record, a trial court's ruling on a motion to suppress will not be overturned. *Id.* At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Brooks v. State*, 76 S.W.3d 426, 430 (Tex.App.-Houston [14th Dist.] 2002, no pet.). We afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000), *modified on other grounds, State v. Cullen*, 195 S.W.3d 696 (Tex.Crim.App. 2006). We review de novo the trial court's application of the law to the facts if resolution of those ultimate questions does not turn on the evaluation of credibility and demeanor. *Id.* Although a reviewing court must view the evidence in a light most

1. The officer's testimony at the hearing on appellant's motion to suppress indicates that appellant was inside the vehicle at some point between the time the officer arrived on the scene and the time appellant was detained.

favorable to a trial court's ruling when, as in this case, the trial court does not file any findings of fact, a reviewing court will assume that the trial court made implicit findings of fact to support the ruling as long as the findings are supported by the record. *Torres v. State,* 182 S.W.3d 899, 902 (Tex.Crim.App.2005).

The Fourth Amendment of the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. AMEND. IV. Generally, an arrest or search without a valid arrest warrant is unreasonable unless it fits into one or more recognized exceptions. *See Torres,* 182 S.W.3d at 901.

When the State seeks to justify an arrest on the basis of a warrant, it is incumbent on the State to produce the warrant and its supporting affidavit for inspection by the trial court. *Etheridge v. State,* 903 S.W.2d 1, 19 (Tex.Crim.App. 1994). " 'This requirement is imposed so that the trial court may inspect the documents and determine whether probable cause existed and ensure that the arrestee's rights have been fully protected.' " *Id.* (quoting *Garrett v. State,* 791 S.W.2d 137, 140 (Tex.Crim.App.1990)). However, if a warrant is required to make a valid arrest, the State's failure to produce it at a suppression hearing does not mandate suppression of evidence. *See Weems v. State,* 167 S.W.3d 350, 356 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). In such cases, there must be sufficient evidence introduced at a suppression hearing to provide the trial court with an opportu-nity to determine whether probable cause existed for the accused's arrest. *See Etheridge,* 903 S.W.2d at 18; *Weems,* 167 S.W.3d at 357.

At the suppression hearing on appellant's motion, the State did not present any arrest warrants or affidavits stating the probable cause to the trial court. The State concedes as much on appeal. Furthermore, the officer's scant testimony regarding the warrants consisted almost entirely of hearsay and double-hearsay that a dispatcher verified the warrants' existence; and there was no testimony as to the contents of the probable cause affidavit for those warrants. *See Weems,* 167 S.W.3d at 357. No other evidence was produced at the suppression hearing that would permit the trial court to determine the existence of probable cause to arrest appellant based on the warrants. *See id.*

Because the State did not produce the warrants or affidavits, we consider whether there was sufficient evidence introduced at the suppression hearing to provide the trial court with an opportunity to determine whether probable cause existed for appellant's arrest. *See Etheridge,* 903 S.W.2d at 18; *Weems,* 167 S.W.3d at 357. An exception to the general rule allows a police officer to arrest a suspect without a warrant when the State shows: (1) the officer had constitutional probable cause to arrest, and (2) the arrest falls within an exception listed in Chapter 14 of the Texas Code of Criminal Procedure. *See Stull v. State,* 772 S.W.2d 449, 451 (Tex.Crim.App.1989). Probable cause for a warrantless arrest exists when officers have reasonably trustworthy information sufficient to warrant a reasonable belief that an offense has been or is being committed. *McGee v. State,* 105 S.W.3d 609, 614 (Tex.Crim.App.2003). "A peace officer may arrest an offender without a

warrant for any offense committed in his presence or within his view." Tex.Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005).

■■ Appellant argues that no probable cause existed for his arrest because he did not violate any traffic ordinances. A reviewing court considers the totality of the circumstances grounded by facts when reviewing de novo whether probable cause exists to effect a warrantless arrest. *See Torres,* 182 S.W.3d at 902. The burden falls on the State to prove probable cause justifying a warrantless arrest or search. *See id.; Crane v. State,* 786 S.W.2d 338, 346 (Tex.Crim.App.1990).

The State cites section 545.363 of the Texas Transportation Code as providing probable cause for appellant's arrest. *See* Tex. Transp. Code Ann. § 545.363(a) (Vernon 1999). Section 545.363 provides in relevant part:

(a) An operator may not drive so slowly as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law.

*Id.* The State also cites parts of section 42.03 of the Texas Penal Code, provided below:

(a) A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly:

(1) obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public had access, or

any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others;

. . .

(b) For purposes of this section, "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous.

Tex. Penal Code Ann. § 42.03 (Vernon 2003).

■ At the suppression hearing, the officer testified that he observed appellant's unattended vehicle stopped in a moving traffic lane of a two-way, two-lane roadway. The officer's meager testimony provided no evidence that any normal or reasonable movement of traffic, if any, was obstructed or otherwise impeded within the meaning of the language in the section 545.363 of the Transportation Code. *See Richardson v. State,* 39 S.W.3d 634, 639–40 (Tex.App.-Amarillo 2000, no pet.) (concluding evidence did not support a finding of reasonable suspicion for the appellant's investigative stop under section 545.363(a)). Moreover, no evidence presented at the suppression hearing supports a conclusion that appellant's vehicle was in violation of section 42.03 of the Penal Code, especially in light of the officer's uncontroverted testimony that he could "easily" pass appellant's car.[2] Appellant offered four photographic exhibits at the suppression hearing to show that the vehicle was not parked in

---

2. The State urges this court to infer that in order to "easily" pass appellant's vehicle, the officer car must have initially driven past appellant's vehicle in the opposite direction and then subsequently made a U-turn to pull behind appellant's vehicle. Nothing in the rec-

ord supports such an inference. The facts, in this regard, were simply not developed with respect to the officer's testimony. Probable cause must be based on specific, articulable facts, and not opinions. *Torres,* 182 S.W.3d at 903.

the "main traveled part of the road."[3] These photos do not depict appellant's vehicle as it was parked on the night in question, and the officer's testimony was not developed at all in this regard. Under the totality of circumstances, we cannot conclude the sparse evidence offered at the suppression hearing would provide the requisite factual support to give an officer probable cause to arrest an appellant under either section 545.363 of the Transportation Code or section 42.03 of the Penal Code as the State urges.[4] *See Torres*, 182 S.W.3d at 903 (concluding that opinions of officers cannot be transformed into facts supporting probable cause to arrest without supporting evidence in the record); *see also Ford v. State*, 158 S.W.3d 488, 494 (Tex.Crim.App.2005) (concluding that

State failed to elicit facts to support an officer's judgment that the accused violated a traffic law of following another car too closely in order to determine reasonable suspicion to stop); *Richardson*, 39 S.W.3d at 640. Therefore, appellant's arrest lacked probable cause and was unlawful. *See Torres*, 182 S.W.3d at 903.

Because we conclude appellant's arrest was unlawful, the evidence acquired as a result of appellant's unlawful arrest should not have been admitted under the requirements of article 38.23 of the Code of Criminal Procedure.[5] Tex.Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). In viewing the evidence under the applicable standard, the trial court abused its discretion in denying appellant's motion to suppress. *See Torres*, 182 S.W.3d at 900–01 (affirm-

3. Appellant produced these exhibits to prove he was not in violation of section 545.301 of the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 545.301 (Vernon 1999) (providing that "[a]n operator may not stop, park, or leave standing an attended or unattended vehicle on the main traveled part of a highway outside a business or residence district" unless several exceptions apply). The record does not contain facts sufficient to support probable cause for arrest pursuant to this section given the officer's scant testimony and in light of the fact that he "easily" passed the vehicle.

4. The State relies on several cases for support that probable cause exists in this case, but those cases are easily distinguished on the basis that the cited facts in each case were adequate, as established in each record, to give an officer probable cause to arrest. *See Windham v. State*, No. 14–07–00193–CR, 2008 WL 2169918, at *3–4 (Tex.App.-Houston [14th Dist.] May 22, 2008, pet. ref'd) (mem. op., not designated for publication) (impeding traffic as established by a video supported officer's testimony to probable cause under section 42.03 of the Penal Code); *Green v. State*, 773 S.W.2d 816, 818–19 (Tex.App.-San Antonio 1989, no pet.) (impeding traffic and causing a hazard supported probable cause). Furthermore, the record contains no evidence that appellant was "operating a motor vehicle." The State did not respond to appellant's argu-

ment that an alleged violation of driving without a license is not supported by the facts in this record when the facts do not show that appellant was operating a motor vehicle. *See* Tex. Transp. Code. Ann. § 521.025 (Vernon 2007) (requiring a person to possess a driver's license while operating a motor vehicle to display on demand to a peace officer).

5. The State argues that the plain-view doctrine applies to the contents of the plastic bag. However, the facts show that the officer saw the bag during an inventory search of the vehicle after appellant's unlawful arrest and that the officer did not see the bag when appellant first exited the vehicle before his arrest. The plain-view doctrine requires that (1) law enforcement officials have a right to be where they are; and (2) it is immediately apparent that the item seized constitutes evidence, that is, there is probable cause to associate the item with criminal activity. *Walter v. State*, 28 S.W.3d 538, 541 (Tex.Crim.App. 2000). The inventory search could not be constitutional because it followed appellant's illegal arrest. *See State v. Johnson*, 896 S.W.2d 277, 288 (Tex.App.-Houston [1st Dist.] 1995), *aff'd*, 939 S.W.2d 586 (Tex.Crim.App. 1996). Accordingly, the plain-view doctrine would not apply to the facts as developed in this record.

ing reviewing court's conclusion that officer lacked probable cause and trial court erroneously denied motion to suppress evidence). The evidence should have been suppressed.

 Having determined that the trial court erred in denying appellant's motion to suppress, we now consider whether this error is reversible. *See* Tex.R.App. P. 44.2. The error violated appellant's federal constitutional rights. *Torres,* 182 S.W.3d at 901, 903. The Court of Criminal Appeals has stated that appellate courts are not to speculate as to an appellant's reasons for entering a "guilty" plea or as to whether appellant would have done so if the motion to suppress had been granted. *See McKenna v. State,* 780 S.W.2d 797, 799–800 (Tex.Crim.App.1989); *Kraft v. State,* 762 S.W.2d 612, 613–15 (Tex.Crim.App.1988). As long as the evidence that should have been suppressed "would in *any* measure inculpate the accused," this court must presume that the trial court's denial of appellant's motion to suppress influenced appellant's decision to plead "guilty" and is reversible error. *See McKenna,* 780 S.W.2d at 799–800; *Kraft,* 762 S.W.2d at 613–15. Because the evidence seized during the officer's inventory of appellant's vehicle, namely the methamphetamine, was inculpatory, we presume the trial court's erroneous denial of appellant's motion to suppress influenced appellant's decision to plead "guilty." Therefore, the error is reversible.

We sustain appellant's three issues. Accordingly, we reverse the trial court's judgment and remand for new trial consistent with this opinion.