

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00022-CR
## No. 10-09-00023-CR
## No. 10-09-00024-CR

ALEJANDRO PEREZ,

                                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                                    Appellee

### From the County Court
### Navarro County, Texas
### Trial Court Nos. 62,176, 62,177 and 62,178

## MEMORANDUM  OPINION

After his motion to suppress was denied, Appellant Alejandro Perez pleaded guilty in three cases to driving while intoxicated, possession of a controlled substance (less than 28 grams,) and possession of marijuana.  In the same issue in these three appeals, Perez asserts that the trial erred in denying his motion to suppress.  We will affirm.

We review a trial court's suppression ruling under a bifurcated standard of

review.  *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).  We do not engage in our own factual review.  *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  *Amador*, 221 S.W.3d at 673.  But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo.  *Id.*

We must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings.  *Kelly*, 204 S.W.3d at 818-19.  We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.  *Id*. at 819.  In the absence of explicit findings, the appellate court assumes the trial court made implicit findings that support its ruling as long as those findings are supported by the record.  *Valtierra v. State,* 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

A defendant seeking to suppress evidence on the basis of an alleged Fourth

Amendment violation bears the initial burden of rebutting the presumption of proper police conduct; he meets this burden by demonstrating that the challenged search or seizure occurred without a warrant. *Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App.) (per curiam), *cert. denied*, --- U.S. ---, 130 S.Ct. 1015 (2009). The burden then shifts to the State to prove that the search or seizure was reasonable under the totality of the circumstances. *Amador*, 221 S.W.3d at 672–73. This burden may be satisfied by a showing that one of the statutory exceptions to the warrant requirement is met. *See Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). In this case, it is undisputed that no warrant was issued for Perez's arrest, so the State bore the burden of establishing the reasonableness of Perez's arrest. *See Young*, 283 S.W.3d at 872; *Amador*, 221 S.W.3d at 672–73.

Because the trial court did not make findings or conclusions, we assume it made implicit findings that support its ruling if the record supports them. The suppression hearing record consists of the testimony of DPS Trooper Dan Baker, who said he had been a trooper for over seven years. On the evening in question, he was investigating an 11:30 p.m. traffic accident in which several involved individuals were at a hospital. They told Baker that Perez, who was involved in the accident, was at a residence. Baker went there around 2:30 a.m., asked the homeowner if Perez was there, and the homeowner said that he was and allowed Baker into the residence.

Perez was asleep—"passed out" in Baker's words—on the floor, and Baker had trouble waking him. Baker asked Perez to come outside, and he was free to decline to. Perez came outside, and Baker told Perez that he was investigating a traffic accident.

Perez admitted he had been driving and drinking alcohol, and Baker smelled alcohol on Perez's breath and person. Baker asked Perez to perform field-sobriety tests, after which Baker concluded, based on his entire investigation and the field-sobriety tests, that Perez was intoxicated. He arrested Perez for DWI.

Perez asserts that his motion to suppress should have been granted because his arrest was warrantless, no probable cause to arrest existed, and no warrantless-arrest exception applies. Probable cause for a warrantless arrest exists when the arresting officer possesses reasonably trustworthy information sufficient to warrant a reasonable belief that an offense has been or is being committed. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009); *Paulea v. State,* 278 S.W.3d 861, 864 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). The State bears the burden of proving probable cause to support a warrantless arrest. *Paulea,* 278 S.W.3d at 865. We review de novo whether probable cause exists to justify a warrantless arrest after considering the totality of the circumstances surrounding the arrest. *Id.*

Baker possessed sufficient facts to form a reasonable inference that Perez drove while intoxicated based on Perez's performance of the field-sobriety tests and his admission that he had been drinking, driving, and in the traffic accident. *See Banda v. State,* --- S.W.3d ---, ---, 2010 WL 2899000, at *5 (Tex. App.—Houston [14th Dist.] July 27, 2010, no pet. h.) (citing *Diaz v. State*, No. 05-09-00750-CR, 2010 WL 1714001, at *2 (Tex. App.—Dallas Apr. 28, 2010, no pet.) (not designated for publication) (concluding officer had probable cause to arrest appellant for driving while intoxicated based on results of field-sobriety tests, appellant's breath smelling of alcohol, and appellant's unsteady

balance), and *Johnson v. State*, No. 14-07-00818-CR, 2008 WL 5085561, at *2 (Tex. App.—Houston [14th Dist.] Nov. 25, 2008, pet. dism'd) (mem. op.) (not designated for publication) (appellant's failure of the field-sobriety test also provided a basis for probable cause to arrest him)). He thus had probable cause to arrest Perez.

Warrantless arrests are authorized only in limited circumstances outlined primarily in Chapter 14 of the Code of Criminal Procedure. *Swain v. State*, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005). The State contends that Perez's arrest is justified under article 14.03(a)(1) of the Code of Criminal Procedure, which authorizes the warrantless arrest of an individual found in a suspicious place under circumstances reasonably showing the individual committed a breach of the peace. *See* TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(1) (Vernon Supp. 2009). DWI is a breach of the peace. *Gallups v. State*, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004); *Trent v. State,* 925 S.W.2d 130, 133 (Tex. App.—Waco 1996, no pet.).

For a warrantless arrest to be justified under article 14.03(a)(1), the totality of the circumstances must show (1) the existence of probable cause that the defendant committed a crime and (2) the defendant must be found in a suspicious place. *Dyar v. State*, 125 S.W.3d 460, 468 (Tex. Crim. App. 2003). Having already concluded that probable cause existed to arrest Perez, we must now determine whether appellant was found in a suspicious place. Few places, if any, are inherently suspicious. *Id.* at 464–65. The determination of whether a place is suspicious requires a highly fact-specific analysis. *Id.* at 468. Any place may become suspicious when an individual at the location and the accompanying circumstances raise a reasonable belief that the

individual committed a crime. *Id.* at 464-68; *Hollis v. State*, 219 S.W.3d 446, 459 (Tex. App.—Austin 2007, no pet.). A key factor used to justify the determination of a place as suspicious is whether the time frame between the crime and the apprehension of the suspect is short, but there is no specific time limit. *See Dyar*, 125 S.W.3d at 468.

Under the particular facts of this case, we conclude, based on the totality of the circumstances set forth above (as have many courts addressing similar facts), that Perez was found in a suspicious place and that his warrantless arrest was therefore lawful. *See, e.g., Gallups*, 151 S.W.3d at 201–02; *Dyar*, 125 S.W.3d at 461-62; *Banda,* --- S.W.3d at --, 2010 WL 2899000, at *6-7; *Morgan v. State*, No. 07-07-00429-CR, 2009 WL 1361578, at *6 (Tex. App.—Amarillo May 14, 2009, no pet.); *Layland v. State,* 144 S.W.3d 647, 650-51 (Tex. App.—Beaumont 2004, no pet.); *Sandoval v. State*, 35 S.W.3d 763, 768–69 (Tex. App.—El Paso 2000, pet. ref'd).

The trial court did not err in denying Perez's motion to suppress. We overrule Perez's sole issue in each appeal and affirm the judgment in each appeal.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed August 25, 2010
Do not publish
[CR25]