IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00022-CR

No. 10-09-00023-CR

No. 10-09-00024-CR

 

Alejandro Perez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court

Navarro County, Texas

Trial Court Nos. 62,176,
62,177 and 62,178

 



MEMORANDUM  Opinion



 








            After his motion to suppress
was denied, Appellant Alejandro Perez pleaded guilty in three cases to driving
while intoxicated, possession of a controlled substance (less than 28 grams,)
and possession of marijuana.  In the same issue in these three appeals, Perez
asserts that the trial erred in denying his motion to suppress.  We will
affirm.

We review a trial court’s suppression
ruling under a bifurcated standard of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007).  We do not engage in our own factual
review.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the witnesses
and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d
17, 24-25 (Tex. Crim. App. 2007).  Therefore, we give almost total deference to
the trial court’s rulings on (1) questions of historical fact, even if the
trial court’s determination of those facts was not based on an evaluation of
credibility and demeanor; and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador,
221 S.W.3d at 673.  But when application-of-law-to-fact questions do not turn
on the credibility and demeanor of the witnesses, we review the trial court’s
rulings on those questions de novo.  Id.

We must view the evidence in
the light most favorable to the trial court’s ruling.  Wiede, 214 S.W.3d
at 24; State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When
the trial court makes explicit fact findings, we determine whether the
evidence, when viewed in the light most favorable to the trial court’s ruling,
supports those fact findings.  Kelly, 204 S.W.3d at 818-19.  We then
review the trial court’s legal ruling de novo unless its explicit fact
findings that are supported by the record are also dispositive of the legal
ruling.  Id. at 819.  In
the absence of explicit findings, the appellate court assumes the trial court
made implicit findings that support its ruling as long as those findings are
supported by the record.  Valtierra v. State, 310 S.W.3d 442, 447 (Tex.
Crim. App. 2010).

A defendant seeking to suppress evidence
on the basis of an alleged Fourth Amendment violation bears the initial burden
of rebutting the presumption of proper police conduct; he meets this burden by
demonstrating that the challenged search or seizure occurred without a warrant.
 Young v. State, 283 S.W.3d 854, 872 (Tex. Crim. App.) (per curiam), cert.
denied, --- U.S. ---, 130 S.Ct. 1015 (2009).  The burden then shifts to the
State to prove that the search or seizure was reasonable under the totality of
the circumstances.  Amador, 221 S.W.3d at 672–73.  This burden may be
satisfied by a showing that one of the statutory exceptions to the warrant
requirement is met.  See Torres v. State, 182 S.W.3d 899, 902 (Tex.
Crim. App. 2005).  In this case, it is undisputed that no warrant was issued
for Perez’s arrest, so the State bore the burden of establishing the
reasonableness of Perez’s arrest.  See Young, 283 S.W.3d at 872; Amador,
221 S.W.3d at 672–73.

            Because the trial court did
not make findings or conclusions, we assume it made implicit findings that
support its ruling if the record supports them.  The suppression hearing record
consists of the testimony of DPS Trooper Dan Baker, who said he had been a
trooper for over seven years.  On the evening in question, he was investigating
an 11:30 p.m. traffic accident in which several involved individuals were at a
hospital.  They told Baker that Perez, who was involved in the accident, was at
a residence.  Baker went there around 2:30 a.m., asked the homeowner if Perez
was there, and the homeowner said that he was and allowed Baker into the residence.

            Perez was asleep—“passed
out” in Baker’s words—on the floor, and Baker had trouble waking him.  Baker
asked Perez to come outside, and he was free to decline to.  Perez came
outside, and Baker told Perez that he was investigating a traffic accident. 
Perez admitted he had been driving and drinking alcohol, and Baker smelled
alcohol on Perez’s breath and person.  Baker asked Perez to perform
field-sobriety tests, after which Baker concluded, based on his entire
investigation and the field-sobriety tests, that Perez was intoxicated.  He arrested
Perez for DWI.

Perez asserts that his motion to
suppress should have been granted because his arrest was warrantless, no
probable cause to arrest existed, and no warrantless-arrest exception applies. 
Probable cause for a warrantless arrest exists when the arresting officer
possesses reasonably trustworthy information sufficient to warrant a reasonable
belief that an offense has been or is being committed.  Amador v. State,
275 S.W.3d 872, 878 (Tex. Crim. App. 2009); Paulea v. State, 278 S.W.3d
861, 864 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d).  The State bears
the burden of proving probable cause to support a warrantless arrest.  Paulea,
278 S.W.3d at 865.  We review de novo whether probable cause exists to justify
a warrantless arrest after considering the totality of the circumstances
surrounding the arrest.  Id.

Baker possessed sufficient facts to form
a reasonable inference that Perez drove while intoxicated based on Perez’s
performance of the field-sobriety tests and his admission that he had been
drinking, driving, and in the traffic accident.  See Banda v. State, ---
S.W.3d ---, ---, 2010 WL 2899000, at *5 (Tex. App.—Houston [14th Dist.] July
27, 2010, no pet. h.) (citing Diaz v. State, No. 05-09-00750-CR, 2010 WL
1714001, at *2 (Tex. App.—Dallas Apr. 28, 2010, no pet.) (not designated for
publication) (concluding officer had probable cause to arrest appellant for
driving while intoxicated based on results of field-sobriety tests, appellant’s
breath smelling of alcohol, and appellant’s unsteady balance), and Johnson
v. State, No. 14-07-00818-CR, 2008 WL 5085561, at *2 (Tex. App.—Houston
[14th Dist.] Nov. 25, 2008, pet. dism’d) (mem. op.) (not designated for
publication) (appellant’s failure of the field-sobriety test also provided a
basis for probable cause to arrest him)).  He thus had probable cause to arrest
Perez.

Warrantless arrests are
authorized only in limited circumstances outlined primarily in Chapter 14 of
the Code of Criminal Procedure.  Swain v. State, 181 S.W.3d 359,
366 (Tex. Crim. App. 2005).  The State contends that Perez’s arrest is
justified under article 14.03(a)(1) of the Code of Criminal Procedure, which
authorizes the warrantless arrest of an individual found in a suspicious place
under circumstances reasonably showing the individual committed a breach of the
peace.  See Tex. Code Crim.
Proc. Ann. art. 14.03(a)(1) (Vernon Supp. 2009).  DWI is a breach of the peace.  Gallups
v. State, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004); Trent v. State,
925 S.W.2d 130, 133 (Tex. App.—Waco 1996, no pet.).

For a warrantless arrest to be justified under article
14.03(a)(1), the totality of the circumstances must show (1) the existence of
probable cause that the defendant committed a crime and (2) the defendant must
be found in a suspicious place.  Dyar v. State, 125 S.W.3d 460, 468
(Tex. Crim. App. 2003).  Having already concluded that probable cause existed
to arrest Perez, we must now determine whether appellant was found in a
suspicious place.  Few places, if any, are inherently suspicious.  Id.
at 464–65.  The determination of whether a place is suspicious requires a
highly fact-specific analysis.  Id. at 468.  Any place may
become suspicious when an individual at the location and the accompanying
circumstances raise a reasonable belief that the individual committed a
crime.  Id. at 464-68; Hollis v. State, 219 S.W.3d 446, 459
(Tex. App.—Austin 2007, no pet.).  A key factor used to justify the
determination of a place as suspicious is whether the time frame between the
crime and the apprehension of the suspect is short, but there is no specific
time limit.  See Dyar, 125 S.W.3d at 468.

           
Under the particular facts of this case, we conclude, based on the totality of
the circumstances set forth above (as have many courts addressing similar
facts), that Perez was found in a suspicious place and that his warrantless
arrest was therefore lawful.  See, e.g., Gallups, 151 S.W.3d at 201–02; Dyar,
125 S.W.3d at 461-62; Banda, --- S.W.3d at ---, 2010 WL 2899000, at
*6-7; Morgan
v. State,
No. 07-07-00429-CR, 2009 WL 1361578, at *6 (Tex. App.—Amarillo May 14, 2009, no
pet.); Layland v. State, 144 S.W.3d 647, 650-51 (Tex.
App.—Beaumont 2004, no pet.); Sandoval v. State, 35 S.W.3d 763, 768–69 (Tex. App.—El Paso 2000, pet. ref’d).

The trial court did not err in denying Perez’s motion to
suppress.  We overrule Perez’s sole issue in each appeal and affirm the
judgment in each appeal.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 25, 2010

Do
not publish

[CR25]