David DIAZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–01–00777–CR.

Court of Appeals of Texas, San Antonio.

May 7, 2003.

Alex J. Scharff, Campion & Campion, San Antonio, for Appellant.

Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for Appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

After the jury found David Diaz guilty of possession with intent to deliver four to two hundred grams of heroin, the trial court found the enhancement paragraphs "true" and sentenced Diaz to thirty-five years confinement. On appeal, Diaz argues the trial court erred in denying his motion to suppress because the parole violation warrant relied on to justify Diaz's arrest and the seizure of the heroin found in the officers' plain view did not comply with sections 508.251 and 508.252 of the Texas Government Code. He also contends he received ineffective assistance of counsel. We disagree and affirm the trial court's judgment.

### MOTION TO SUPPRESS

Diaz argues the trial court erred in denying his motion to suppress because the State failed to establish there was "reason to believe the parolee was subject to arrest," as required by *Garrett v. State*, 791 S.W.2d 137, 141 (Tex.Crim.App.1990), and *Etheridge v. State*, 903 S.W.2d 1, 18–19 (Tex.Crim.App.1994), *cert. denied*, 516 U.S. 920, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995). We disagree.

### *Scope and Standard of Review*

■■■ We review a trial court's suppression ruling under the abuse of discretion standard. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Under this standard, we afford almost total deference to a trial court's determination of historical facts supported by the record, especially when the findings are based on an evaluation of credibility and demeanor. *Id.* However, the trial court's resolution of mixed questions of law and fact, which does not turn on an evaluation of credibility and demeanor, is reviewed de novo. *Id.*

### *Applicable Law*

As set forth in the warrant, section 508.251 of the Texas Government Code authorizes the Parole Division of the Texas Department of Criminal Justice to issue a warrant for the return of certain persons committed to its custody. TEX. GOV'T CODE ANN. § 508.251 (Vernon 1998). A warrant may be issued in the following circumstances:

(1) there is reason to believe that the person has been released although not eligible for release;

(2) the person has been arrested for an offense;

(3) there is a document that is self-authenticating as provided by Rule 902, Texas Rules of Evidence, stating that the person violated a rule or condition of release; or

(4) there is reliable evidence that the person has exhibited behavior during the person's release that indicates to a reasonable person that the person poses a danger to society that warrants the person's immediate return to custody.

TEX. GOV'T CODE ANN. § 508.252 (Vernon Supp.2002).

### *Factual and Procedural Background*

As set forth in the warrant, Diaz was "convicted of a felony offense ... and was sentenced to the Texas Department of Criminal Justice, Parole Division, and the Board of Pardons and Paroles"; Diaz "was granted a parole or administrative release and remains in the custody of the Texas Department of Criminal Justice, Parole Division amenable to the orders of the

Texas Department of Criminal Justice, Parole Division and the Board of Pardons and Paroles"; and "reliable information has reached the Texas Department of Criminal Justice, Parole Division that [Diaz] has violated the terms, rules, and/or conditions of administrative release, has lapsed or is about to lapse into criminal ways or company, or was ineligible for release and is hereby declared a fugitive from justice." The warrant further states that "by virtue of the authority vested in the Texas Department of Criminal Justice, Parole Division by Texas Government Code Ann. § 508.251, it is hereby ordered that [Diaz] be arrested, detained and housed until such time as he may be placed in the custody of an agent of the Texas Department of Criminal Justice, Institutional Division, or until further order of the Texas Department of Criminal Justice, Parole Division or the Board of Pardons and Paroles." The warrant concludes "for so doing, this shall be your sufficient warrant."

While executing the warrant, officers saw in plain view approximately twenty-five grams of black tar heroin on the headboard above Diaz's bed. Diaz moved to suppress evidence of the heroin, arguing that the seizure of the heroin arose out of an invalid parole violations warrant. During the hearing, the prosecutor stated that "[i]t is our contention that there is a document that [Diaz] did violate his conditions of parole. I am aware of a violation or report that states his violation of parole. I do have a copy of that report, if the Court would like to see it. But it states nowhere in 508.252 that that document has to be attached to the warrant." Rather than object, Diaz's attorney simply stated that "[t]here may be something else somewhere, that's all fine and dandy, but the requisite and the burden on the State was to prove to this Court that there was a valid warrant upon which they acted.

They failed to do that. If they have other documents, they didn't show them up. They rested. We ask the Court to make a ruling accordingly." The court ruled as follows:

> I am going to overrule the Motion to Suppress. I will relate or direct the record to reflect that State's Exhibit No. 1 is entitled a warrant. It has been admitted into evidence for purposes of this hearing and under the good faith exception in the event that we need to refer to that, but most importantly, there does appear to be a document entitled "Warrant" and I will overrule the motion based upon that.

### Discussion

Diaz argues the trial court erred in denying his motion to suppress because the State failed to establish there was "reason to believe the parolee was subject to arrest," as required by *Garrett,* 791 S.W.2d at 140–41 and *Etheridge,* 903 S.W.2d at 18–19. We disagree.

 Both *Garrett* and *Etheridge* were decided before section 508.252 was amended to authorize a parole violation warrant based upon "a document that is self-authenticating as provided by Rule 902, Texas Rules of Evidence, stating that the person violated a rule or condition of release." TEX. GOV'T CODE ANN. § 508.252(3) (Vernon Supp.2002). As the State correctly argues, nothing in section 508.252 requires that the self-authenticating document be attached to the warrant, admitted into evidence, or otherwise proven at a suppression hearing. And, if more was required, the trial court had reason to believe Diaz was subject to arrest because of (1) the fact of the warrant; (2) the statement in the warrant that "reliable information has reached the Texas Department of Criminal Justice, Parole Division that [Diaz] has

violated the terms, rules, and/or conditions of administrative release, has lapsed or is about to lapse into criminal ways or company, or was ineligible for release and is hereby declared a fugitive from justice"; and (3) the prosecutor's unsworn statement that "there is a document that [Diaz] did violate his conditions of parole" and offer to tender that document to the court if it required. Because Diaz's attorney failed to object to the prosecutor's unsworn statements, the trial court was entitled to regard the statements as evidence of the existence of the document and rule accordingly. *See Beck v. State*, 719 S.W.2d 205, 211–12 (Tex.Crim.App.1986) (holding that failure to object to unsworn testimony waives irregularity). We therefore hold the trial court did not abuse its discretion in denying Diaz's motion to suppress.

### INEFFECTIVE ASSISTANCE OF COUNSEL

■ Diaz also argues his trial counsel was ineffective because he: (1) failed to voir dire the venire panel about his defense of illegal search and seizure; (2) failed to zealously argue his defense of illegal search and seizure; (3) impeached a defense witness with an inadmissible twelve-year-old felony conviction; and (4) elicited from the State's witnesses that Diaz was a parole violator. However, Diaz's trial counsel may have proceeded as he did for reasons of strategy; and the record is silent as to defense counsel's reasons for proceeding as he did. We may not "reverse a conviction on ineffective assistance of counsel grounds when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no specific explanation for counsel's decisions." *Bone v. State*, 77 S.W.3d 828, 830 (Tex.Crim.App.2002); *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex.Crim. App.2002), *petition for cert. filed*, 71

U.S.L.W. 3531, —— U.S. ——, 123 S.Ct. 1901, 155 L.Ed.2d 824 (2003).

The judgment is affirmed.