

# NUMBER 13-12-00076-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAMMY LOPEZ,                                                     Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 117th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Sammy Lopez appeals his conviction of assault—family violence, *see*
TEX. PENAL CODE ANN. § 22.01 (West 2011), a third-degree felony, enhanced by prior
felony convictions to a second-degree felony, *see id.* § 42.12(a) (West Supp. 2011). A
jury found appellant guilty, and the trial court assessed punishment at twelve years'
confinement in the Texas Department of Criminal Justice, Institutional Division. By two

issues, appellant contends: (1) the trial court erred in denying his motion for new trial; and (2) he received ineffective assistance of counsel. We affirm.

## I. BACKGROUND[1]

Appellant's issues both concern evidence of recorded telephone conversations between appellant and the complaining witness while appellant was in jail pending trial for the current offense. Appellant claims the recorded conversations contain impeachment evidence against the complaining witness. Specifically, appellant's trial attorney asserted at the hearing on the new-trial motion that the recordings showed "an ongoing relationship [between] the complaining witness" and appellant, and that the complaining witness "lied to the police . . . ." It is undisputed that appellant's trial counsel did not listen to the recordings before trial. Appellant's first issue is premised on a conclusion that the State failed to comply with the trial court's production order by not producing the recordings. Appellant's second issue, in the alternative, is premised on his trial attorney's constitutionally deficient performance for not listening to the recordings that the State made available.

At the hearing on appellant's motion for new trial, appellant's trial attorney and the State's prosecutor agreed that the trial court ordered the State to produce the recordings by November 22, 2011, but that the State failed to do so. The prosecutor asserted that he was ill from November 18 to November 23, but that he made the recordings available for pickup on November 23—one day after the trial court's order required. The prosecutor testified that on November 23, he "left them up front" in the District Attorney's

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

office for appellant's attorney to retrieve, and that he left appellant's attorney a voice message informing him that the recordings were available on November 23. The prosecutor stated he "checked when [he] left work that afternoon and . . . they had been picked up by the time [he] left." Appellant's trial attorney, on the other hand, testified that he did not obtain the recordings until after appellant's trial, which began on November 28, 2011. Appellant's attorney explained that he proceeded to trial without having insisted on listening to the recordings because, after conferring with appellant, he and appellant decided the recordings "probably wouldn't add anything . . . to the trial." Appellant's attorney characterized the recordings as cumulative of evidence that he had from two letters that the complaining witness wrote.

## II. DISCLOSURE OF IMPEACHMENT MATERIAL

By his first issue, appellant contends the trial court erred in denying his motion for new trial. Specifically, appellant complains that the State, by failing to disclose the recordings, withheld impeachment material.[2]

### A. Standard of Review

Appellate issues involving claims brought in a motion for new trial are really challenges to the trial court's ruling on the motion. *Cueva v. State*, 339 S.W.3d 839, 856–57 (Tex. App.—Corpus Christi 2011, pet. ref'd) (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)). We review a trial court's ruling on a motion for new trial under an abuse of discretion standard, reversing only if the trial judge's opinion was

---

[2] Appellant's motion states that the State "withheld exculpatory evidence . . . ." At the hearing, appellant's counsel argued the State "withheld exculpatory evidence;" however, the "exculpatory evidence" in question are the recordings that showed the complaining witness "lied about several points" or "lied to the police." As such, appellant's argument at the hearing, repeated on appeal, is actually premised on the impeaching nature of the evidence.

clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.*

## B. *Brady v. Maryland*

Appellant did not mention *Brady* in his motion or at the hearing, but his argument constitutes a *Brady*-violation claim. *See U.S. v. Bagley*, 473 U.S. 667, 676–77 (1985) (holding non-disclosure of impeachment evidence is a *Brady* violation). On appeal, he characterizes the argument advanced in his motion as a *Brady*-violation claim.

*Brady v. Maryland* established "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). In order for a defendant to prevail on a *Brady*-violation claim, he must show:

(1)     the State failed to disclose evidence, regardless of the prosecution's good or bad faith;

(2)     the withheld evidence is favorable to him;

(3)     the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different.

*Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) (citing *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002)).

4

**C. Analysis**

Appellant's *Brady*-violation claim struggles under all three *Brady* prongs, but dissatisfaction of one is sufficient to defeat the claim. *See id.* The trial court ruled as follows:

> My recollection is [the complaining witness] testified about those letters. And she also testified about the circumstances under which she wrote those letters, so all that was before the jury, you know.
>
> So I'm going to deny the motion.

The trial court's explanation relates to the materiality prong of *Brady*. "If the witness acknowledges impeaching facts during [her] testimony, non[-]disclosed information bearing on those facts is not 'material*' . . . .*" *Pitman v. State*, 372 S.W.3d 361, 272–73 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing 42 GEORGE E. DIX & JOHN M. SCHMOLESKY, *Texas Practice Series: Criminal Practice & Procedure* § 27:19 (3d ed. 2011)); *see also Etheridge v. State,* 903 S.W.2d 1, 20 (Tex. Crim. App. 1994), *superseded by statute on other grounds as stated in Diaz v. State*, 110 S.W.3d 181, 184 (Tex. App.—San Antonio 2003, pet. ref'd). The following excerpt is from the cross-examination of the complaining witness:

> Q:   And—and I wanna be clear, too, that you did admit to writing a letter and—or an affidavit, uh, retracting, um, any statements you made to the police.
>
> A:   Um, that's a different—that's a separate incident. This has happened more than what we're talking about this—
>
> . . . .
>
> Q:   [T]he letter or affidavit where you are saying that he never hit you, or stuff, that . . . was a separate incident? When did this separate—next incident happen?

A:       I think in July.

         . . . .

Q:       July.   Um, did you call the police at that time, too?

A:       Yes, sir.

Q:       And the police came, and so forth?

A:       Yes, sir.

Q:       Okay.   Um, but then, you did retract that, saying it didn't happen.

A:       Yes, sir.

Q:       Okay.   Now this affidavit, was it in your own handwriting?

A:       Yes, sir.

Q:       Um, and it was, uh, pretty neat handwriting—

A:       Um-hum.

Q:       [S]o it appeared you weren't under any stress.

A:       No.   He told me—he had what I needed to write.

         . . . .

Q:       All right.   But then again, you did sign this in affidavit form.

A:       Yes.

Q:       As you stated then, um, you made up the story.

A:       Yeah.

Appellant also elicited testimony from the complaining witness that she continued to write love letters to him after he assaulted her.

Appellant's motion for new trial is founded on the State's alleged failure to produce recordings that would show "an ongoing relationship [between] the complaining witness" and appellant, and that the complaining witness "lied to police" and "lied about several points."[3] The information about which appellant complains was also presented through the testimony of the complaining witness during the trial. Thus, the recordings evidence included the same facts and would be cumulative and redundant. Because the complaining witness acknowledged these facts during her testimony, we agree with the trial court that the records are not material to appellant's case, and there was therefore no *Brady* violation. *See Pitman*, 372 S.W.3d at 272–73; *Etheridge,* 903 S.W.2d at 20. Viewing the evidence in the light most favorable to the trial court's ruling, we hold that the trial court's holding was not clearly erroneous or arbitrary. *See Riley*, 378 S.W.3d at 457; *Webb*, 232 S.W.3d at 112. We overrule appellant's first issue.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, appellant argues that he "does not believe that trial counsel was ineffective," but advances an ineffective-assistance claim in the event this Court believes the State prosecutor's testimony that appellant's trial counsel "picked up the recordings and did not listen to them prior to trial." Otherwise, appellant concedes, "[a]s a whole, it appears . . . trial counsel was very proactive prior to trial and during trial. He

---

[3] On appeal, appellant avers discrepancies between the recordings and the witness's testimony about recanting her accusation of a subsequent assault undermine the "entire testimony" and provides "significant impeachment material." The alleged discrepancies, which appellant did not present at the hearing, are actually minor, and the cited information from the recordings is only repetitive of her propensity to lie (especially to protect appellant—a fact that does not help appellant's argument), which appellant effectively demonstrated by impeaching her with her recantation.

filed motions and obtain[ed] rulings for disclosure of evidence. He made strategic decisions with the consent of [a]ppellant."

To prevail on an ineffective assistance of counsel claim, appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if appellant rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142; *Jaynes*, 216 S.W.3d at 851. The record must contain evidence of counsel's reasoning, or lack thereof, to rebut the presumption. *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd). We review the totality of representation rather than isolated instances in determining whether trial counsel was ineffective. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Lopez*, 343 S.W.3d at 143.

Appellant did not argue his ineffective-assistance claim in his motion for new trial or at the hearing on that motion. Further, appellant's trial counsel maintained that he did not receive the recordings until after the trial was held. As such, the record is not sufficiently developed to allow us to do more than speculate regarding appellant's trial counsel's strategy, which we cannot do. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *see also Downs v. State*, 244 S.W.3d 511, 515 (Tex. App.—Fort

8

Worth 2007, pet. ref'd) (ruling that the record was insufficient because the defendant did not raise ineffective-assistance claims in his motion for new trial or at its hearing).

Even considering the merits of appellant's ineffective-assistance claim, we conclude that it would fail the second *Strickland* prong for the same reasons that the evidence failed the materiality prong of *Brady*. *Compare Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)) (ruling that to satisfy the second *Strickland* prong, "appellant must show that there is a reasonable probability, or a probability sufficient to undermine the confidence in the outcome, that [but for counsel's deficient performance] the result of the proceeding would have been different."), *with Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) (citing *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002)) (holding "material evidence" means "there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different."). Appellant cannot show that the trial's outcome would have been different because the impeachment evidence was cumulative of impeachment evidence available for trial. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.