# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-23-00264-CR

---

Tajuan Lamar Harris,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
County Court at Law of Navarro County, Texas
Judge Amanda Doan Putman, presiding
Trial Court Cause No. C41835-CR

---

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

Tajuan Lamar Harris was convicted of possession of a controlled substance with intent to deliver and sentenced to 25 years in prison. Because the trial court did not abuse its discretion in overruling Harris's evidentiary objection, we affirm the trial court's judgment.

### BACKGROUND

Corsicana Police officers were conducting surveillance of Harris at the Traveler's Inn where Harris was staying. Detective Michael Worthy had a tip

from a confidential informant that a parole warrant had been issued for Harris. On the morning of June 10, 2022, Harris was arrested at the hotel as he came down the staircase. In a search incident to the arrest, officers found 7.34 grams of methamphetamine, marijuana, pills, and a meth pipe in Harris's pockets. An additional 2.42 grams of methamphetamine, various pills, a meth pipe, a bong, and a police scanner were located in his hotel room.

When Worthy began to testify on direct examination at trial as to what was located in Harris's pockets, Harris objected and took Worthy on voir dire examination. On voir dire, Worthy stated he had not seen the "physical" parole warrant. Rather, he had called dispatch, and "they advised me he had a warrant." At the conclusion of Worthy's voir dire examination, Harris objected "as to the constitutionality and legality of Mr. Harris's arrest under the 4th [A]mendment and [cor]responding[] Amendment under the Texas Constitution, which is Article [I], Section 9 of Texas Constitution [and] 38, w[e]ll the exclusionary rule for Texas code of criminal procedure 38[.]23" because the State had not produced the warrant justifying Harris's initial arrest. After considerable discussion, which included the presentation of case law, the teletype from dispatch confirming an outstanding warrant issued by Texas Pardons and Paroles, and Harris's parole records, the trial court overruled Harris's objection.

**PRODUCTION OF WARRANT**

In one issue, Harris complains that the trial court abused its discretion in admitting evidence[1] gathered from him after his arrest because the State failed to produce the warrant relied upon for his arrest.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Deggs v. State*, 646 S.W.3d 916, 924 (Tex. App.—Waco 2022, pet. ref'd). There is no abuse of discretion if the trial court's ruling is within the zone of reasonable disagreement. *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009); *Deggs*, 646 S.W.3d at 924.

Section 508.251 of the Texas Government Code authorizes the Parole Division of the Texas Department of Criminal Justice to issue a warrant for the return of certain persons committed to its custody. *See* TEX. GOV'T CODE § 508.251. A warrant may be issued in the following circumstances:

(1) there is reason to believe that the person has been released although not eligible for release;

(2) the person has been arrested for an offense;

(3) there is a document that is self-authenticating as provided by Rule 902, Texas Rules of Evidence, stating that the person violated a rule or condition of release; or

(4) there is reliable evidence that the person has exhibited

---

[1] Harris did not argue, and thus we do not review, whether the trial court erred in denying a motion to suppress; instead, he argues that the trial court abused its discretion in admitting evidence.

behavior during the person's release that indicates to a reasonable person that the person poses a danger to society that warrants the person's immediate return to custody.

*Id.* § 508.252.  There is no dispute that the only circumstance applicable to this case is subsection (3).

Generally, when the State justifies an arrest on the basis of a warrant, both the warrant and a supporting affidavit must be produced.  *Etheridge v. State,* 903 S.W.2d 1, 19 (Tex. Crim. App. 1994) (citing *Miller v. State,* 736 S.W.2d 643, 648 (Tex. Crim. App. 1987)).  The State, relying on *Diaz v. State*, 110 S.W.3d 181, 184 (Tex. App.—San Antonio 2003, pet. ref'd), asserts that it was not required to submit the warrant or any kind of supporting affidavit.

The State is correct in asserting *Diaz* stands for the proposition that when a parole warrant is issued based on a self-authenticating document which states the person violated a rule or condition for release, subsection (3) of section 508.252, that particular document is not required to be "attached to the warrant, admitted into evidence, or otherwise proven at a suppression hearing." *Id*. *Diaz* does not, however, stand for the proposition that the State is not required to produce the warrant itself.  Rather, the presentation of the actual warrant can be *excused* when the State introduces other evidence which corroborates the warrant's existence.  *See Etheridge*, 903 S.W.2d at 19 (magistrate's testimony); *Garrett v. State*, 791 S.W.2d 137, 141 (Tex. Crim App. 1990) (parole officer's testimony); *Myles v. State*, 946 S.W.2d 630, 635 (Tex.

App.—Houston [14th Dist.] 1997, no pet.) (reconstructed forms, magistrate's and officer's testimony); *Torres v. State*, 933 S.W.2d 339, 339 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (testimony of officer, custodian of records, district clerk, and court liaison for probation office).

In this case, during the discussion of Harris's objection outside the presence of the jury, the State presented to the court and Harris a copy of a teletype generated by the dispatch center at 7:56 a.m. on June 10, 2022, the date of Harris's arrest. The prosecutor asserted the teletype confirmed an outstanding warrant for Harris, with a warrant number, issued by the Texas Board of Pardons and Paroles. The State also presented copies of Harris's "parole records" to Harris and the trial court.[2] In reviewing the records for the court, the prosecutor stated, "there are a number of places within these records that indicate that a warrant was issued in May of 22, apparently withdrawn on June 15 of 22" (after Harris was arrested), and "I don't find the warrant itself in this, but there are a number of places in these records that indicate violations of numerous of the parole rules, and a, on page 29 of the records, warrant decision, to issue a warrant of May 16, of 2022….".

Harris was given ample opportunity to, and did, dispute the significance of the parole records and the teletype but did not object to the unsworn

---

[2] Neither the teletype nor the parole records were admitted into evidence.

testimony of the prosecutor as to what was contained within those documents. Thus, the trial court was entitled to regard those statements as evidence of a warrant and rule accordingly. *See Beck v. State*, 719 S.W.2d 205, 211-12 (Tex. Crim. App. 1986) (holding that failure to object to unsworn testimony waives complaint to admission and such may be considered as any other evidence.); *Diaz v. State*, 110 S.W.3d 181, 185 (Tex. App.—San Antonio 2003, pet. ref'd) (same).

Accordingly, based on a review of the record, we find the trial court's ruling was within the zone of reasonable disagreement, and thus, the trial court did not abuse its discretion in overruling Harris's objection to the evidence acquired after he was arrested.

**CONCLUSION**

Having overruled Harris's only issue, we affirm the trial court's judgment.

---

LEE HARRIS
Justice

OPINION DELIVERED and FILED: July 24, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do Not Publish
CRPM

